343 So.2d 1328 (1977)
STATE of Florida ex rel., Sadie LOVE, Relator,
v.
Ira S. JACOBSON, M.D., et al., Respondents.
No. 77-341.
District Court of Appeal of Florida, Third District.
March 29, 1977.
Rehearing Denied April 20, 1977.
Cohen & Kokus and Linda Koenigsberg, Miami, for relator.
Law Offices of Howard E. Barwick, Miami Shores, by M. Lee Gay, Jr., Fowler, White, Burnett, Hurley, Banick & Knight, Miami, for respondents.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PEARSON, Judge.
Relator Sadie Love is a claimant in a medical mediation proceeding pursuant to the Medical Liability Mediation Panel Law, Section 768.44, Florida Statutes (1976 Supp.). She filed her suggestion for writ of prohibition alleging that the medical mediation panel lacked jurisdiction to proceed with the mediation because more than six months had expired from the date of the filing of the claim and that although the time was extended to six months from the date of the filing of claim, no further order was made to extend the time to the ten months provided for jurisdiction of the panel. This court issued a rule nisi and responses upon the merits have been filed.
It appears without contradiction from the petition, responses and briefs filed herein that on January 19, 1977, after the expiration of the six month period, claimant made an ore tenus motion either to terminate jurisdiction or to extend to ten months the time to hear the cause. In response thereto, the judicial referee denied claimant's motion to terminate jurisdiction but did not expressly rule upon the motion to extend to ten months the time to hear the cause. We hold that the order of the judicial referee denying claimant's motion to terminate jurisdiction was correct. The statute, by providing that if there is no hearing on the merits within ten months of the date the claim is filed the jurisdiction of the mediation panel terminates, thus provided that jurisdiction of the panel to holding a hearing on the merits necessarily extended until the expiration of such ten month period.
Whereupon, upon consideration of the suggestion for writ of prohibition and the responses filed, it is ordered that the rule nisi is quashed and the suggestion for writ of prohibition is dismissed.
It is so ordered.