344 So.2d 624 (1977)
STATE of Florida ex rel. Marcia A. McGuirk, Relator,
v.
Honorable Edward D. COWART, As Judge of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 77-90.
District Court of Appeal of Florida, Third District.
April 12, 1977.
*625 Simons & Schlesinger, Fort Lauderdale, for relator.
No appearance of counsel for respondent.
Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is an original petition for a writ of prohibition seeking to prohibit medical malpractice mediation proceedings on the ground that the time within which such proceedings must be held has expired under Section 768.44(3), Florida Statutes (Supp. 1976). We issued a rule nisi directing the respondent to show cause in writing why the writ prayed for should not issue. The respondent has not filed a return. Subsequent thereto, this court in State of Florida ex rel. Mercy Hospital v. Vann, 342 So.2d 1073 (Fla.3d DCA 1977), has resolved the issues raised by the petition. Accordingly, the petition is dismissed and the writ discharged.
The issue presented for review is whether a circuit judge sitting as a judicial referee has authority to alter the ten month time period allowed for medical mediation proceedings under Section 768.44(3), Florida Statutes (Supp. 1976). If not, a second issue is presented as to whether an unauthorized altering of the said ten month time limit at the request of the malpractice claimant can deprive the malpractice defendant of his right to mediation under Section 768.44, Florida Statutes (Supp. 1976).
On September 24, 1975, the relator filed a request for medical mediation on a malpractice claim against several doctors and a hospital under Section 768.133, Florida Statutes (1975) [now 768.44, Florida Statutes (Supp. 1976)]. The respondent circuit judge is the judicial referee of the three person medical mediation panel before whom the relator's claim fell. The relator thereupon challenged the constitutionality of the aforesaid statute and sought to have the claim transferred to the circuit court.
On December 22, 1975, the circuit judge granted the relator's motion, dismissed the claim on the ground that the statute in question was unconstitutional and transferred the cause to the circuit court. Later he took under advisement a motion by the relator to reinstate and abate the claim as a medical mediation matter pending a decision on the constitutionality of the aforesaid statute in a case presently pending before the Supreme Court of Florida. Thereafter, the respondent entered an order on motion of the relator reinstating the medical mediation claim when the Supreme Court of Florida upheld the constitutionality of the aforesaid medical mediation statute. Carter v. Sparkman, 335 So.2d 802 (Fla. 1976).
*626 Although requesting all the orders transferring and reinstating her medical mediation claim which delayed the progress of the mediation proceedings, the relator now claims that the ten month time limit for a final hearing on the claims established by Section 768.44(3), Florida Statutes (Supp. 1976), has expired and the respondent has lost jurisdiction to proceed. We disagree.
Section 768.44 et seq. Florida Statutes (Supp. 1976), sets up a statutory mediation proceeding for all medical malpractice claims as a prerequisite to the filing of a medical malpractice suit in the courts of this state. The Supreme Court of Florida has upheld the constitutionality of this legislative scheme "[e]ven though the pre-litigation burden cast upon the claimant reaches the outer limits of constitutional tolerance... ." Carter v. Sparkman, 335 So.2d 802, 806 (Fla. 1976).
In an effort to mitigate the plaintiff's pre-litigation burden, the statute specifically limits the time within which the medical mediation panel may hold a hearing on the claim. Section 768.44(3), Florida Statutes (Supp. 1976), requires that such a hearing "shall be held within 120 days of the date the [malpractice] claim was filed with the clerk... ." The judicial referee is given the authority to extend the hearing date upon good cause, but such extension "shall not exceed 6 months from the date the claim is filed." Finally, "[i]f no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law."
This court in State of Florida ex rel. Mercy Hospital v. Vann, 342 So.2d 1073 (Fla.3d DCA 1977), held that a circuit judge sitting as a judicial referee on a medical mediation panel has no authority to stay or alter the ten month time limit allowed for medical mediation under Section 768.44(3), Florida Statutes (Supp. 1976). The time limits of the statute are binding on the circuit judge and must be rigorously enforced. Nevertheless, the court went on to hold that since the circuit judge entered the unauthorized order staying the proceedings at the request of the medical claimant until the Supreme Court of Florida ruled on the constitutionality of the aforementioned medical mediation act and the statutory time thereafter expired, the medical defendant could not be deprived of his right to medical mediation. Consequently, under those circumstances there still adhered to the mediation panel the period of time which remained on the ten month period at the time the unauthorized order was entered.
We have extremely similar facts in the case at bar. The circuit judge at the request of the medical claimant has declared the Medical Malpractice Reform Act unconstitutional, dismissed the medical claim and transferred the cause to the circuit court. Thereafter, the circuit judge took under advisement a motion by the claimant to reinstate the medical claim and abate the mediation proceedings pending the Supreme Court's ruling on the constitutionality of the aforementioned medical mediation act. After the Supreme Court of Florida had upheld the constitutionality of the Act, the circuit judge at the request of the medical claimant reinstated the claim before the mediation panel.
We hold that the circuit judge's order dismissing the medical malpractice claim and transferring the cause to the circuit court was unauthorized and void. The Medical Malpractice Reform Act was in fact constitutional and proceedings thereunder should have gone forward. But since the claimant asked for such an unauthorized order which resulted in the subsequent expiration of the statutory ten month period, we believe that the medical defendants should not thereby be deprived of their right to mediation. We therefore hold that there still adheres to the mediation panel the time which remained on the ten month statutory period at the time the unauthorized order was entered.
Since the circuit judge in this case and in the Mercy Hospital case entered their stay or transfer orders under the peculiar circumstances of awaiting a Florida *627 Supreme Court decision on the constitutionality of the Medical Malpractice Reform Act, it is clear that these or similar circumstances will never again occur. The ten month statutory limit for holding medical malpractice mediation hearings is clear and unequivocal. It should be rigidly enforced so as to mitigate the plaintiff's pre-litigation burden imposed by the Act.
The petition for a writ of prohibition is dismissed and the writ discharged.
CHARLES CARROLL, Associate Judge (dissenting).
I respectfully dissent.
Section 768.44(3) Florida Statutes 1976 Supp. provides: "If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law".
In this case, when the hearing panel, for whatever ill-advised reason, failed to hold a hearing on the merits of the claim within 10 months from the date of the filing of the claim, the panel's jurisdiction in the matter was terminated.
Now more than eighteen months has elapsed since the filing of the claim, with no hearing having been held on the merits. Under the express wording of the provision of the statute quoted above, the panel is without jurisdiction to now proceed to hold a hearing on the merits, and a writ of prohibition should issue.
The claim was filed on September 24, 1975. Under the statute the hearing thereon should have been held within 120 days. One month prior to the expiration of that period the presiding member of the hearing panel entered a written order in the mediation proceeding, in effect terminating the mediation proceedings and relegating the parties to have the matter determined by an action at law, basing such order on the ground or conclusion that the enabling mediation statute was unconstitutional. The panel was an administrative body. In making a decision, on holding a hearing on the merits of the claim, the panel would be exercising discretion. The duty of the panel to proceed to hold a hearing as directed in this statute was ministerial. It was, of course, improper for the panel to question the validity of the statute which had prescribed their ministerial duties. Franklin County v. State, 24 Fla. 55, 3 So. 471 (1888); State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalizers, 84 Fla. 592, 94 So. 681, 683 (1922); State ex rel. Howarth v. Jordan, 105 Fla. 322, 140 So. 908 (1932); White v. Crandon, 116 Fla. 162, 156 So. 303, 305 (1934); Steele v. Freel, 157 Fla. 223, 25 So.2d 501 (1946); 21 Fla.Jur. Mandamus, § 42.
Six months later on June 21, 1976, in the common law action to which the matter had been transferred, an order was entered reinstating the medical mediation claim and directing that the matter should thus proceed. At that time there was still a month remaining before 10 months would elapse from the date of the filing of the claim. However, the stay of the proceedings by the panel continued beyond the 10 month limitation period because of uncertainty of the panel as to the validity of the statute and waiting for a determinative decision by a court on its validity.
In a substantially similar case recently decided by this court, State ex rel. Mercy Hospital v. Vann, 342 So.2d 1073 (Fla.3d DCA 1977), the presiding member of a Mediation Panel stayed the proceedings beyond the 10 month jurisdictional period, upon questioning jurisdiction to proceed, at a time when the validity of the statute was under consideration in the Supreme Court in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976). In the latter the validity of the statute was upheld by an opinion and judgment of the Supreme Court filed May 5, 1976, which became final on denial of petition for rehearing on August 3, 1976.
In the Mercy Hospital case this court announced there was no authority for the Mediation Panel to stay or alter the time allowed for the hearing and that the time limitations in the statute are binding and must be rigorously enforced. Similarly, in *628 the instant case the majority opinion states that the time limits of the statute are binding and must be rigorously enforced. However, in apparent contravention of those pronouncements the court in Mercy Hospital and the majority in this case have held that the panel has jurisdiction to hold merit hearings in the mediation proceedings after the period to which the jurisdiction therefor was expressly limited by the statute, where, in each instance, the failure of the panel to hold a hearing within the time allowed by the statute was because of unauthorized orders of the presiding members of the Mediation Panels which precluded or stayed the holding of a merit hearing until the jurisdiction period therefor had elapsed. In my view, to so hold is not logical, and amounts to conferring jurisdiction where none exists.
In these mediation proceedings the parties have an interest in the prompt disposition thereof, within the periods prescribed in the statute. The defendant has that interest, in order to gain the benefits of the proceedings, as was intended by the enactment. The claimant has such an interest, in order that he may not be unduly delayed from his access to the court. In Carter v. Sparkman, supra, the Supreme Court, balancing the public policy served by the mediation proceeding against the burden of effort and delay imposed upon the claimant occasioned by such pre-litigation administrative proceeding, upheld the statute as not being a violation of the constitutional right to access to the courts, but the Court noted "the pre-litigation burden cast upon the claimant reaches the outer limits of constitutional tolerance". It is questionable whether the validity of the statute would have been upheld if it had been understood that the jurisdictional limit of time for such a pre-litigation proceeding was not 10 months, as provided for in the statute, but could be considered to be extended for months or even a year or more, by improper action or delay of the panel.
In this case and in Mercy Hospital the matter is treated as though the delays beyond the jurisdictional period for the hearings operated either to toll or extend the jurisdiction time beyond the 10 month limit.
With those theories I am unable to agree. The statute is clear. If no hearing on the merits is held within 10 months of the filing of the claim the jurisdiction therefor is terminated. But the parties were not without remedy or the procedures necessary to compel the panel to hold a hearing on the merits as and within the time directed and permitted by the statute. For example, when the presiding member of the hearing panel in this case entered an order terminating the mediation proceedings on the ground or view that the statute was unconstitutional, either of the parties could have compelled the panel to proceed to hearing within the 10 months allowed by statute, by petition for certiorari to this court, or by seeking a writ of mandamus from the circuit court or from this court. In each of the cases there was time remaining in which the parties could have done so. Had such corrective procedures been undertaken, and if the jurisdictionally allotted time was running short, the essential relief could have been obtained in such review proceedings by a constitutional writ in aid thereof as the necessities of the situation might require. Article V, Sections 4(b)(3) and 5(b), Florida Constitution.
After the 10 month jurisdictional period elapsed without a hearing on the merits, the claimant was entitled to prosecute his claim by court action. When the defendant in the mediation proceeding sat by without taking the procedural steps available to compel the panel to act before the jurisdictional time expired, such defendant is without legal basis to ask that the jurisdictional time limit of the statute be disregarded. Finally, I am unable to agree that the unlikelihood that in the future another Mediation Panel will similarly improperly fail to perform its duty to hold a hearing within the fixed time limit, furnishes any ground or basis to hold there is jurisdiction to proceed in this case where, by an express provision of the enabling statute, the jurisdiction therefor has terminated.