348 So.2d 547 (1977)
In re THE FLORIDA BAR.
In re RULES OF MEDICAL MEDIATION PROCEDURE.
No. 51216.
Supreme Court of Florida.
July 14, 1977.
Edward J. Atkins, Miami, President and Russell Troutman, Orlando, President-elect, for The Florida Bar, and Theodore Babbitt, West Palm Beach, Chairman and Robert P. Gaines, Pensacola, for Civil Procedure Rules Committee, petitioner.
Hugh MacMillan, West Palm Beach, Chairman for Civil Justice Section, Circuit Judges Conference.
John E. Thrasher, Daytona Beach, for Florida Medical Association, Inc.
Robert Orseck of Podhurst, Orseck & Parks, Miami, for The Academy of Florida Trial Lawyers.
PER CURIAM.
Annexed to this Order are the Rules of Medical Mediation Procedure which are hereby adopted by this Court. The annexed Rules shall govern all proceedings within their scope after 12:01 a.m., September 1, 1977, and of said time and date Transition Rule 21, adopted July 31, 1975 (316 So.2d 38), shall be of no further force and effect except as to medical liability mediation claims pending on that date.
All conflicting rules and statutes are hereby superseded as of the effective date of these Rules, and any statute not superseded shall remain in effect as a rule promulgated by the Supreme Court.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.

FLORIDA RULES OF MEDICAL MEDIATION PROCEDURE
Rule 20.010. SCOPE AND TITLE. These rules apply to all proceedings before medical liability mediation panels pursuant to § 768.44, Florida Statutes (Supp. 1976). They shall be construed to secure the just, speedy and inexpensive determination of every claim contemplated by § 768.44, Florida Statutes (Supp. 1976). They shall be cited as the Florida Rules of Medical Mediation Procedure, abbreviated Fla.R.Med.P.
Rule 20.020. APPLICABILITY OF FLORIDA RULES OF CIVIL PROCEDURE. All of the Florida Rules of Civil Procedure that are not directly in conflict with these rules or the provisions of § 768.44, Florida Statutes (Supp. 1976), shall be applicable to medical liability mediation proceedings.
Rule 20.030. DEFINITIONS. (a) "Court" and "judicial referee" are synonymous and mean the judicial referee defined in § 768.44(2), Florida Statutes (Supp. 1976). For the purpose of these proceedings the judicial referee is construed to be a judicial officer, and his participation shall not be construed to be a violation of Canon 5E, Code of Judicial Conduct.
(b) "Clerk" and "clerk of circuit court" are synonymous and mean either the clerk of the circuit court or his deputy.
(c) "Panel" means the judicial referee, licensed physician and attorney chosen under the provisions of § 768.44(2), Florida Statutes (Supp. 1976), to hear the claim.
Rule 20.040. ATTORNEYS. (a) Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name whose address and telephone number (including area code) shall be stated and who shall be duly licensed to practice law in Florida. He may be required by order of court to vouch for his authority to represent and to give the address of such party. Except when otherwise specifically provided by these rules or an applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or other paper; that to the best of his knowledge, *548 information and belief there is good ground to support it and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper had not been served.
(b) A party who has no attorney but represents himself shall sign his pleading or other paper and state his address and telephone number (including area code).
Rule 20.050. FORM OF PLEADINGS. All pleadings, notices, motions and other papers to be filed with the clerk shall bear the name of the county, a designation that it is a medical liability mediation claim, the style of the claim, a designation of the judicial referee, and the claim number assigned.
Rule 20.060. FORM OF CLAIM. (a) Every claim shall contain a short and plain statement of the ultimate facts describing the act or acts of alleged malpractice of which the claimant complains. A claim may contain more than one instance of alleged malpractice, and, in the event of multiple alleged instances, they may be stated cumulatively or in the alternative.
(b) Every claim shall include a designation of the medical specialty involved in the alleged malpractice. Claims may be filed on forms substantially similar to Form 20.904 of these rules.
Rule 20.070. WHEN ACTION COMMENCED. Every action shall be deemed commenced when the claim is filed with the clerk.
Rule 20.080. PROCESS. (a) Upon commencement of the action summons shall be issued and delivered forthwith by the clerk for service without praecipe. Service of process shall be initiated and effected as provided by law.
(b) In addition to the service of process described above, the claimant shall mail forthwith a copy of the claim to each defendant and to the administrative board licensing each professional. The mailing required in this subparagraph (b) shall not be construed to constitute the service of process required by subparagraph (a) of this rule.
Rule 20.090. ANSWERS, SUBSEQUENT PLEADINGS AND MOTIONS. (a) Each defendant shall file and serve an answer to the claim within 20 days of the date of service.
(b) The answer may contain the medical specialty requested by the defendant.
(c) There shall be no other pleadings or motions filed in answer to the claim.
(d) Third party practice, cross-claims and counterclaims are not allowed.
(e) Motions directed to the sufficiency of the claim, for more definite statement and for failure to attach documents or exhibits are not allowed.
(f) Motions for summary judgment, judgment on the pleadings and directed verdict are not allowed.
(g) If a defendant files an answer, that defendant cannot contend in any subsequent civil action that the mediation panel did not have jurisdiction over his person.
Rule 20.100. AMENDED AND SUPPLEMENTAL PLEADINGS. (a) A party may amend his claim or answer only upon order of the judicial referee.
(b) Any amendment to the claim or answer allowed shall relate back to the date of the filing of the original claim or answer and will not increase the time allowable pursuant to these rules and § 768.44, Florida Statutes (Supp. 1976), in determining the date of the termination of the panel's jurisdiction.
Rule 20.110. SERVICE OF PLEADINGS AND PAPERS. (a) Every pleading and paper subsequent to the initial claim shall be served on each party pursuant to the provisions of Rule 1.080, Florida Rules of Civil Procedure. The clerk shall furnish to each party a copy of any paper received from one not a party.
(b) The clerk shall serve notice of all matters set by the clerk or the judicial referee on each party. The clerk shall be responsible for service of all orders and all final determinations. The clerk shall be responsible for notifying panel members of *549 hearings at which the panel is required to be present.
Rule 20.120. PARTIES. (a) Only those persons who would be entitled to damages because of injury or death of one person resulting from the alleged malpractice shall be joined as claimants in a single claim. Any medical physician, osteopathic physician, podiatrist, hospital or health maintenance organization against whom the claimant wishes to assert a claim may be joined as a defendant. A claimant may file as many separate claims against separate defendants as he wishes. In the event that more than one medical specialty is involved in the claim and the parties are unable to agree upon the specialty of the physician member of the hearing panel, the judicial referee shall make the determination of the type of physician to serve as a member of the panel. He may choose a medical specialist or a general practitioner. A medical specialist need not be of the same specialty as any of the defendants.
(b) One or more claims may be consolidated for hearing in the sound discretion of the judicial referees involved. In the event that claims are consolidated for hearing before panels consisting of two or more judicial referees, the senior judicial referee shall preside at the hearing.
Rule 20.130. INFORMATION ON PANEL MEMBERS. (a) The clerk shall submit to those physicians and attorneys on the list from whom the panel is to be chosen, at the time those names are submitted to the parties, a standard questionnaire to obtain information on their education, professional background and experience as well as their possible connection with the parties to the claim on forms substantially similar to Form 20.902 and 20.903 of these rules.
(b) The judicial referee may, upon application by a party, authorize the submission of additional written questions to the clerk for transmission to the panel members. Such question shall be directed to determination of the impartiality of panel members. Application to the judicial referee for the propounding of additional questions must be made within 10 days of the mailing by the clerk to the parties of the names of the panel members.
(c) Answers to questions must be returned to the clerk within 10 days of mailing. The clerk shall transmit copies of the answers to all parties.
(d) After selection of the panelists, the judicial referee and either party may question the physician and attorney to determine if either of them has a state of mind regarding the subject matter at issue, the case at hand, or any parties directly or indirectly involved in said case that will prevent him from acting with impartiality. Upon a determination by the judicial referee that either panelist cannot act with complete impartiality, the judicial referee shall remove said panelist.
Rule 20.140. DISCOVERY. (a) All provisions of the Florida Rules of Civil Procedure relating to discovery shall be applicable to proceedings under the provisions of § 768.44, Florida Statutes (Supp. 1976), subject to the following modifications: cross questions provided for in Rule 1.320 shall be served within 10 days; objections to interrogatories served pursuant to Rule 1.340 shall be served within 10 days; answers to interrogatories propounded pursuant to Rule 1.340 shall be served within 20 days; a response to a request for production pursuant to Rule 1.350 shall be served within 10 days; and a response to a request for admission pursuant to Rule 1.370 shall be served within 20 days.
(b) Upon reasonable notice to other parties, a party may apply for an order compelling discovery. If a party fails to comply with such an order, the judicial referee may order that the matters regarding which questions were asked or any other designated facts shall be taken to be established for the purposes of the proceedings in accordance with the claim of the party obtaining the order or may refuse to allow the disobedient party to support or oppose designated claims or defenses or may prohibit him from introducing designated matters in evidence at the hearing. The provisions of Florida Rules of Civil Procedure, Rule 1.380 shall not apply to proceedings under these rules.
*550 Rule 20.150. NOTICE TO PANEL AND ACCEPTANCE. A notice shall be sent by the clerk to the five attorneys and five physicians chosen as prospective panel members pursuant to § 768.44(2)(g), Florida Statutes (Supp. 1976), of their selection in substantially the same form as Form 20.905 of these rules.
Rule 20.160. TIME. (a) In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall not be included in the computation.
(b) In all cases in which an act is required or allowed to be performed, unless otherwise stated in the applicable statute or these rules the time within such act shall be accomplished is 10 days.
(c) A copy of any written motion allowed under § 768.44, Florida Statutes (Supp. 1976), and these rules, and a copy of the notice of hearing thereon shall be served a reasonable time before the time specified for the hearing.
(d) When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of the notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.
(e) The clerk shall set a final hearing on the claim before the panel. The hearing is to be held within 120 days from the date the claim is filed. Upon a showing of good cause prior to the expiration of the 120 days from the date the claim was filed, the judicial referee, by written order, may extend the time for commencing the hearing. In any event, the hearing shall be begun no later than six months from the date of the filing of the claim.
Rule 20.170. CONDUCT OF HEARING. The judicial referee shall preside over hearings and shall conduct them in such a manner as to best ascertain the rights of the parties. The judicial referee shall rule on all matters of law and the admissibility of evidence. Strict adherence to the rules of evidence shall not be required. The judicial referee in his discretion may allow panel members to propound questions to witnesses. The judicial referee shall not unreasonably restrict the time to be used by any party in the presentation of his respective case to the panel.
Rule 20.180. COURT REPORTER. Proceedings shall be reported on the request of any party, who shall be responsible for payment of the fee of the court reporter. The amount of the court reporter's fee shall be determined pursuant to Rule 1.035, Florida Rules of Civil Procedure.
Rule 20.190. TERMINATION. The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
(a) A defendant has not filed an answer within 20 days of the date of service;
(b) A hearing has not been held within 120 days from the date of the filing of the claim and no extension order has been entered by the judicial referee;
(c) An extension order has been entered by the judicial referee but the hearing has not been commenced within six months from the date of the filing of the claim; or
(d) The final hearing has not been concluded within 10 months from the date the claim is filed.
Termination for any of the foregoing reasons terminates the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties. A termination for one of the foregoing reasons is automatic, and the clerk's act or failure to act is ministerial only.
*551 Rule 20.200. DECISION OF PANEL. Within 30 days after the completion of the hearing, the panel shall file its written decision with the clerk of the court, who shall thereupon mail copies to all parties.
Rule 20.210. DUTIES OF CLERK. (a) The clerk shall maintain the list of physicians and list of qualified attorneys prescribed by § 768.44(2)(a, b and c), Florida Statutes (Supp. 1976).
(b) When a claim is filed, the clerk shall assign a judicial referee by a "blind" system established by the chief judge of the circuit. The clerk shall promptly notify the judicial referee of his appointment.
(c) If the parties file designations of different medical specialists, the clerk shall immediately set a hearing before the judicial referee for a determination as to the type of specialist who should serve on the hearing panel.
(d) Promptly upon the determination of the speciality of medical practice involved, the clerk shall mail to the parties and the panel members the names of the five attorneys and five physicians who are to be members of the hearing panel list. The clerk shall notify the panel members that they have 10 days within which to disqualify themselves. If a challenge for cause is filed by a party, the clerk shall immediately set a hearing before the judicial referee and notify the parties of the time set for the hearing.
(e) If there are disqualifications, or challenges for cause are allowed, the clerk shall appoint such additional panel members as may be required, repeating the process of allowing disqualifications and challenges for cause. When a panel of five physicians and five attorneys has been selected, the clerk shall schedule a conference with the parties for the purpose of selecting the physician member and attorney member of the hearing panel. If the parties do not agree on one attorney and one physician to serve on the hearing panel, each side shall then in turn strike a name from the attorneys' list and from the physicians' list separately until one attorney and one physician remain, who shall serve on the hearing panel.
(f) The clerk, with the advice and cooperation of the parties and the members of the panel, shall fix a date, time and place for a hearing before the panel.
(g) Pursuant to the provisions of Rule 20.190 of these rules, the clerk shall send notice of termination to the parties.
(h) Upon the filing of the panel's written decision with the clerk, he shall thereupon mail copies to all parties.

 Rule 20.900 Forms
 (a) The following forms are sufficient for the matters that are covered
 by them. So long as the substance is expressed without prolixity, the
 forms may be varied to meet the facts of a particular case.
 (b) Captions, except for the designation of the paper, are omitted from
 the forms. A general form of caption is the first form.
*552 Form 20.901. Caption
 IN THE CIRCUIT COURT OF _______________ COUNTY, FLORIDA
In the Matter of
 Claimant(s)
and MLMC # _________
 Defendant(s)
____________________________________________
 Form 20.902 Information Sheet - Physician
 INFORMATION SHEET - PHYSICIAN
1. Name (in full) _______________________________________________________.
2. What is your office address __________________________________________.
3. Date and place of birth ______________________________________________.
4. Date of undergraduate degree and institution granting same
 ______________________________________________________________________.
5. Date of professional degree and institution granting same
 ______________________________________________________________________.
6. Dates and places of internship and residency (if any) _________________
 _______________________________________________________________________
 ______________________________________________________________________.
7. Field of specialization ______________________________________________.
 If you do not specialize, do you restrict your practice ______________.
 If so, to what field _________________________________________________.
8. Are you Board Certified ______________________________________________.
 If so, when and by whom ______________________________________________.
9. How long have you practiced in this community ________________________.
10. To what hospitals are you presently admitted to staff ________________.
 ______________________________________________________________________.
*553 11. If you have been admitted to staffs of other hospitals in this
 community but are not so admitted now, list these hospitals
 ______________________________________________________________________.
12. If you practice in a partnership, professional association, or other
 group, give the names of the others in this group ____________________.
 ______________________________________________________________________.
13. If you have previously practiced in a group with other professionals in
 this community, different from your present arrangement, give their
 names and the dates of this practice __________________________________
 ______________________________________________________________________.
14. Have you ever been a defendant in a malpractice action _______________.
 How often, when and where _____________________________________________
 ______________________________________________________________________.
15. Have you ever testified in a medical malpractice proceeding?
 And if so identify the proceeding or proceedings ______________________
 ______________________________________________________________________.
 For plaintiff or defendant ___________________________________________.
16. If you have ever been represented by an attorney in this community for
 any reason, please give the name or names _____________________________
 ______________________________________________________________________.
17. If you are related to an attorney or any other physiciane in this
 community, please give the name or names ______________________________
 ______________________________________________________________________.
18. To what professional organizations do you belong _____________________
 ______________________________________________________________________.
19. Do you do examinations or treatment regularly for a particular
 insurance company ____________________________________________________.
 Which ones ___________________________________________________________.
20. If you know any parties or attorneys to this proceeding, please state
 the facts surrounding your knowledge of that party (parties) __________
 ______________________________________________________________________.
21. Please identify your malpractice (professional liability) insurance
 carriers for the past four years ______________________________________
 _______________________________________________________________________
 ______________________________________________________________________.
*554 Form 20.903 Information Sheet - Attorney
 INFORMATION SHEET - ATTORNEY
1. Name (in full) _______________________________________________________.
2. What is your office address __________________________________________.
3. Date and place of birth ______________________________________________.
4. Date of undergraduate degree and institution granting same
 ______________________________________________________________________.
5. Date of professional degree and institution granting same
 ______________________________________________________________________.
6. Do you designate any areas of specialization _________________________.
 If so, list them ______________________________________________________
 ______________________________________________________________________.
7. How long have you practiced in this community ________________________.
8. To what courts are you admitted and when were you admitted
 ______________________________________________________________________.
9. If you practice in a partnership, professional association, or other
 group, give the names of the others in this group ____________________.
 ______________________________________________________________________.
10. If you know any parties or attorneys to this proceeding, please state
 the facts surrounding your knowledge of that party (parties) _________.
 ______________________________________________________________________.
11. Please state the name of your professional liability insurance carrier
 ______________________________________________________________________.
12. Have you ever represented a party in a professional malpractice
 proceeding ___________________________________________________________.
13. To what professional organizations do you belong _____________________
 ______________________________________________________________________.
*555 Form 20.904 Claim Form
 MEDICAL LIABILITY MEDIATION CLAIM
 1. Claimant(s),
pursuant to F.S. 768.44, file(s) this claim of Medical Malpractice against
the following:
 Medical Specialty
 Name Address (if known) 
(a)
(b)
(c)
(d)
 2. Each defendant above named is liable to claimant(s) for medical
malpractice because: (State as to each defendant, using separate sheet if
necessary).
 I certify I have this ____ day of __________________, 19__, mailed a copy
of the within and foregoing claim to each of the defendants, and to the
administrative board licensing each defendant.[*]
 _________________________________
 Name of Claimant(s) or Attorney
 _________________________________
 Address
 _________________________________
 Telephone Number
*556 Form 20.905 Notice To Panel Members And Acceptance
 NOTICE AND ACCEPTANCE
 You are hereby notified that you have been chosen as a prospective
 member of a hearing panel to conduct a medical malpractice mediation
 proceeding in the claim of ______________________________________ against
 ________________________________________________________________________.
 You are cautioned that:
 (1) You shall not discuss the claim with anyone prior to serving as a
 member of the hearing panel, should you be so chosen.
 (2) You shall not conduct any independent investigation of the claim.
 If you believe that you would not be able to render a fair and
 impartial decision because of any relationship that you might have with
 any of the parties or their attorneys, or any other reason, you should
 promptly notify the undersigned clerk that you wish to disqualify
 yourself. Notice of disqualification must be given to the undersigned
 clerk within 10 days of the mailing of this notice to you.
 If you believe that you are qualified to serve, please sign the
 acceptance below and return it to the Clerk's office. No further action
 is required of you at this time.
 Clerk, Circuit Court
 By _____________________________
 Deputy Clerk
 ACCEPTANCE
 I hereby accept the appointment as a member of the hearing panel in the
 above proceeding if selected.
 __________________________________
 Dated: ___________________________

NOTES
[*] NOTE: In addition to mailing copies of the claim to each defendant and to the licensing board of each defendant, the law requires that each defendant be served with process as provided by law.