349 So.2d 214 (1977)
Dr. Richard V. LIMOND, and Westchester General Hospital, Petitioners,
v.
Eneida LLANIO, Etc., et al., Respondents.
Nos. 76-2260, 76-2279, 77-89, 76-2284 and 76-2315.
District Court of Appeal of Florida, Third District.
August 2, 1977.
Rehearing Denied September 14, 1977.
Walton, Lantaff, Scroeder & Carson and Joan S. Buckley and Calvin David; Preddy, Haddad, Kutner, Hardy & Josephs and John Thompson, Miami, for petitioners.
West, Friesner & Goldman, Miami, for respondents.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
HAVERFIELD, Judge.
In these consolidated appeals, Dr. Richard Limond and Westchester General Hospital, defendant-appellants herein, seek review of an order denying their motions to set aside certificate of termination of mediation panel, and an order denying their motions to dismiss plaintiff's complaint in this medical malpractice action.
On June 30, 1976 plaintiff-appellee, Eneida Llanio, filed a claim and request for medical mediation pursuant to Section 768.133, Florida Statutes (1975) against Westchester General Hospital, Dr. Arthur Henson and Dr. Richard Limond. Westchester General filed an answer along with a designation of medical specialty [See Section 768.133(2)(f), Florida Statutes (1975)]. Thereafter, the judicial referee noticed the determination of specialty for a July 29 hearing; however, this hearing was cancelled when the referee was informed that Dr. Limond had not as yet been served. After Limond was served on August 12, he filed his answer and designation of medical specialty on the following day. Previous thereto, plaintiff on August 5 filed her designation of specialty. On October 12 Westchester General filed a request to extend the time for up to six months, the maximum time allowable, for holding the final hearing of the mediation panel. [See Section 768.133(3), Florida Statutes (1975)]. This extension request was set down for hearing on October 21; but was not heard at that time because the judicial referee *215 was on vacation. The matter was then renoticed for hearing on November 11; however, the referee still had not returned from his vacation as of this date, and again the request for extension was not heard. On November 17 the clerk of the circuit court entered a clerk's certificate of termination of mediation panel for the reason that a hearing had not been held on the merits in this cause since its filing on June 30, 1976, a period of more than 120 days and, pursuant to Section 768.133(4), Florida Statutes (1975), terminated the mediation. Westchester General and Dr. Limond filed motions to set aside certificate of termination on the ground that the request for extension was still pending and no hearing had been set by the judicial referee with respect to the designation of specialty. On December 8 the judicial referee entered an order denying the motions. Thereupon, Eneida Llanio filed a complaint for medical malpractice. Dr. Limond and Westchester General filed motions to dismiss the complaint for lack of jurisdiction over the subject matter for the reason that the medical mediation proceeding was wrongfully terminated. After a hearing, the trial judge by order of January 7, 1977 denied these motions. Westchester General and Dr. Limond timely filed petitions for common law certiorari and notices of appeal seeking review of the denial orders of December 8, 1976 and January 7, 1977. We reverse.
Very recently this court in State ex rel. Love v. Jacobson, 343 So.2d 1328 (Fla. 3d DCA 1977) determined that Section 768.133(3), Florida Statutes [now Section 768.44(3), Florida Statutes (1976 Supp.)] provides that if there is no hearing on the merits within 10 months of the date the claim is filed, the jurisdiction of the mediation panel terminates and, therefore, the jurisdiction of the panel to hold a hearing on the merits necessarily extends until the expiration of such 10-month period. Based upon this holding, the clerk in the case sub judice wrongfully terminated the mediation panel on November 17, 1975, and the judicial referee erred in denying appellant's motions to set aside the clerk's certificate of termination on December 8 as the mediation panel still had jurisdiction to hold a hearing on the merits.
Plaintiff-appellee's reliance upon State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977) is misplaced because in that case the 10-month period had expired, in contrast to the instant case where only 120 days had elapsed. Further, despite the expiration of the 10 months, the court found the medical defendants should not be deprived of their right to mediation because of the judicial referee's unauthorized and void order dismissing the medical mediation proceeding and transferring the cause to the circuit court.
Westchester General made a timely request for extension of final hearing of the mediation panel and twice attempted unsuccessfully to have this request heard. In addition, although the parties filed different designations of medical specialty, the judicial referee failed to make any determination as required by Section 768.133(2)(f), Florida Statutes (1975).
As in Love, supra, we likewise believe the medical defendant-appellants should not be deprived of their right to mediation. Cf. also State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977). Appellants having timely appealed by writ of certiorari, the order of December 8 denying their motions to set aside the November 17 certificate of termination is reversed.
In light of the above, it follows that the trial judge erred in denying appellant's motions to dismiss plaintiff's complaint. The denial order of January 7, 1977 is reversed and the cause is remanded to the trial court with directions to dismiss the complaint and reinstate the medical mediation proceedings.
Certiorari granted.