354 So.2d 1272 (1978)
Luis ALDANA, M.D., Petitioner,
v.
Patricia Ann HOLUB, and the Honorable Warren H. Cobb, As Judge of the Seventh Judicial Circuit, in and for Volusia County, Florida, Respondents.
No. GG-361.
District Court of Appeal of Florida, First District.
February 15, 1978.
David L. Holbrook of Wells, Gattis & Hallowes, Orlando, for petitioner.
Larry Sands, Daytona Beach, for respondent.
ERVIN, Judge.
Dr. Aldana's petition for writ of certiorari from the order of the judicial referee in a medical mediation proceeding contends the referee departed from the essential requirements of law by (1) declaring a mistrial and terminating the proceedings, (2) refusing to extend the hearing beyond 10 months after the claim was filed[1] and (3) refusing to expedite the selection of new panel members, following termination, so that a hearing might be held prior to the expiration of the 10 month period.
During the course of the hearing, on May 27, 1977, the referee declared a mistrial after statements were made by the physician member of the panel indicating prejudgment of the claim. On June 1, 1977, petitioner moved to reset the hearing within the jurisdictional time limit which would expire on June 11, 1977. Alternatively petitioner requested the referee to enter an order tolling the statutory jurisdiction limit until a new medical mediation panel could be composed. During the hearing on June 3, 1977, the attorney for respondent declined to waive the statutory 10 day period to challenge panel members.[2] As a result *1273 the referee concluded he had no authority to extend the proceedings beyond the 10 month period.
Whether the referee erred in granting the mistrial or in refusing to expedite the selection of new panel members prior to the expiration of the jurisdiction period are matters we need not decide. We conclude the referee had no authority for any reason to extend the hearing beyond 10 months from the date the claim was filed.
Petitioner argues with some logic that a hearing was in fact held but not completed, and that the statutory jurisdictional period applies only if no hearing on the merits was held prior to the expiration of 10 months. Several cases have held that the time limits imposed by Section 768.44(3) may be extended in exceptional circumstances. State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977); State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977); State ex rel. Lund v. Keough, 352 So.2d 572 (Fla. 2d DCA 1977). Contra, Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977); Kirschgessner v. Miami International Hospital, 356 So.2d 11 (Fla. 4th DCA 1977); Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977). There is clear conflict between the decisions of the Second and Third District Courts of Appeal and those of the Fourth District Court of Appeal. The reasoning of the latter Court, that the jurisdiction of the medical mediation panel terminates as a matter of law if a hearing has not been held at the expiration of the 10 month jurisdictional period, is preferred by us and is consistent with the recently adopted Florida Rules of Medical Mediation Procedure. In Re The Florida Bar, 348 So.2d 547 (Fla. 1977). Fla.R.Med.P. 20.190 provides in part:
"The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
* * * * * *
(d) The final hearing has not been concluded within 10 months from the date the claim is filed.
Termination for any of the foregoing reasons terminates the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties. A termination for one of the foregoing reasons is automatic, and the clerk's act or failure to act is ministerial only."
While Section 768.44(3) states only that the jurisdiction of the mediation panel terminates if a hearing has not been held 10 months after the claim is filed, Rule 20.190 clearly and unambiguously requires the hearing must conclude by 10 months. True, the Rules of Medical Mediation Procedure did not go into effect until September 1, 1977, after both the claim had been filed and the hearing held, still the rules were adopted by the Court pursuant to Section 768.44. Moreover there appears to be nothing in Rule 20.190 inconsistent or inharmonious with the policy expressed by Chapter 768. Cf. Kirschgessner v. Miami International Hospital, supra.
Petition for writ of certiorari is DENIED.
SMITH, Acting C.J., concurs.
BOOTH, J., dissents without opinion.
NOTES
[1] Sec. 768.44(3), Fla. Stat. (Supp. 1976), states:

"If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with the law."
[2] Sec. 768.44(2)(g), provides that the parties shall have 10 days in which to challenge panel members for cause.