365 So.2d 813 (1979)
Rufus THAMES, M.D., Petitioner,
v.
George F. MELVIN, Respondent.
No. KK-282.
District Court of Appeal of Florida, First District.
January 3, 1979.
*814 Robert D. Bell of Fisher, Bell, Hahn, Winn & Rubel, Pensacola, for petitioner.
Robert G. Kerrigan of Kerrigan, Estess & Rankin, Pensacola, Charles W. Ehrhardt, Tallahassee, for respondent.
MILLS, Acting Chief Judge.

CASE SUMMARY
Dr. Thames seeks review of an order dismissing Mr. Melvin's medical liability mediation claim for lack of jurisdiction because the final hearing was not held within 120 days from the date of filing of the complaint and no extension order was entered by the Judicial Referee. We grant certiorari.

FACTS
Mr. Melvin filed his medical malpractice complaint on 29 December 1977. Dr. Thames timely answered the complaint.
On 13 April 1978, pursuant to notice, Mr. Melvin took the depositions of Dr. Thames and two witnesses. Although properly noticed by Dr. Thames, Mr. Melvin did not appear for the taking of his deposition on that date.
On 14 April, pursuant to the Judicial Referee's notice, a pretrial conference was held. At the conference, the Judicial Referee was advised by counsel for the parties that Mr. Melvin had taken the depositions of Dr. Thames and two witnesses on the previous day but that Mr. Melvin had failed to appear for the taking of his deposition and that additional discovery was indicated and necessary. The panel was selected and the final hearing was scheduled for 13 June.
The depositions of Mr. Melvin and his brother were scheduled and taken on 25 May.
At a hearing scheduled by Mr. Melvin on 30 May, he contended the judicial referee and panel lacked jurisdiction to proceed because the final hearing was not held within 120 days from the date his complaint was filed. The Judicial Referee agreed and dismissed the claim for lack of jurisdiction.

ISSUE
Under the facts of this case, did the Judicial Referee err in dismissing the medical liability mediation claim for lack of jurisdiction.
Dr. Thames contends that the Judicial Referee's pretrial conference order should be considered as an extension order under Rule 20.160(e) of the Florida Rules of Medical Mediation Procedure.
Mr. Melvin contends that because a final hearing was not held within 120 days and no extension order entered, Rule 20.190(b) of the Florida Rules of Medical Mediation Procedure mandates dismissal.

DECISION
Both contentions are correct. Under the facts of this case, however, if justice is to prevail, if substance is to be given greater weight than procedure, and if we adhere to the rule that where possible a claim should be heard and determined on the merits, we must rule in favor of Dr. Thames' contention.
*815 Dr. Thames timely and properly scheduled the taking of Mr. Melvin's deposition. Mr. Melvin did not appear. At the pretrial conference, this was brought to the Judicial Referee's attention and counsel for both parties agreed that this deposition needed to be taken as well as other discovery accomplished before the final hearing. The date set for the final hearing was one agreed upon by counsel for the parties. Although 120 days expired on 28 April, Mr. Melvin did not object to the taking of his deposition and that of a witness on 25 May.
Granted that it would have been proper and preferable for a formal motion for extension to have been filed and for an order to have been entered formally extending the time, but under the circumstances here the Judicial Referee and counsel for the parties could have contemplated no less than that when the pretrial conference order was entered. We construe that order to extend the time.

JUDGMENT
Certiorari is granted. This case is remanded to the Judicial Referee for further appropriate action within the time permitted by the Florida Rules of Medical Mediation Procedure.
ERVIN and BOOTH, JJ., concur.