371 So.2d 142 (1979)
Denise GROSSMAN, Petitioner,
v.
Honorable Gordon A. DUNCAN, Jr., As Judge of the Fourth Judicial Circuit, in and for Duval County, Florida, and Judicial Referee, Chalermchai Punya, M.D., Panel Member for Mediation, and Earl M. Johnson, Esquire, Panel Member for Mediation, Respondents.
Denise GROSSMAN, Appellant,
v.
MEMORIAL HOSPITAL OF JACKSONVILLE and Michael R. Malanga, M.D., Appellees.
Nos. MM-236, MM-275.
District Court of Appeal of Florida, First District.
March 14, 1979.
Charles B. Lembcke of Datz, Jacobson & Lembcke, Jacksonville, for petitioner-appellant. (Nos. MM-236 and MM-275)
Robert L. Shevin, Atty. Gen., for respondent. (No. MM-236)
Noah H. Jenerette, Jr. and Rutledge R. Liles, Jacksonville, for appellees. (No. MM-275)
ERVIN, Judge.
The petitioner seeks a writ prohibiting the judicial referee of the medical mediation panel from commencing a hearing on her malpractice claim beyond the six-month statutory period in § 768.44(3) and Fla.R. Med.P. 20.190(c). The record shows that the petitioner filed her claim on April 7, 1978, and that, before the initial 120-day[1] statutory time period had run, the judicial referee had extended the time for commencement of the hearing to October 7, *143 1978, the last date on which the hearing could be commenced before the panel lost jurisdiction. See Fla.R.Med.P. 20.190. On October 3, 1978, the judicial referee entered an order stating (1) the attorney and physician members of the panel and (2) that the mediation hearing would convene on October 5, 1978. The judicial referee did not notify the other panel members of their selection or that the hearing was to begin on October 5. The October 5 "hearing" was conducted before the judicial referee alone and, when respondents sought to introduce certain documents into the record, petitioner objected that the proceeding was not the mediation hearing contemplated by § 768.44 or the Medical Mediation Rules. The judicial referee overruled the objection, allowed the documents into evidence and scheduled the hearing to continue on January 22, 1979. Later, the judicial referee denied petitioner's motion that he request the clerk to enter a notice of termination of the proceedings, and petitioner's complaint on her claim, filed in Circuit Court, was dismissed without prejudice for failure to mediate.
We agree with the petitioner that the hearing was not commenced as required in § 768.44(3) and Fla.R.Med.P. 20.190(c). Section 768.44(2), Fla. Stat. (1977), states that "[e]ach hearing ... shall be before a three-member panel, hereinafter referred to as the `panel', `mediation panel,' or `hearing panel'... ." (e.s.). Rule 20.030, Fla. R.Med.P., defines "panel" as "the judicial referee, licensed physician and attorney chosen ... to hear the claim." We also agree that the "hearing on the claim before the hearing panel" was not commenced within six months of the date the complaint was filed, as required by § 768.44(3).
The statutes and rules governing medical mediation proceedings must be strictly construed because they are in derogation of the common law and present "an impediment to the constitutional guarantee of access to the courts... ." Ballard v. Curatolo, 363 So.2d 864, 865 (Fla. 4th DCA 1978); see also Carter v. Sparkman, 335 So.2d 802 (Fla. 1976); Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978); Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978); Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977).
The judicial referee's reply to our order to show cause states that substantial compliance with the statutory procedures secured the panel's continuing jurisdiction, citing Thames v. Melvin, 365 So.2d 813 (Fla. 1st DCA 1979). The Thames opinion was limited strictly to its facts. In that case we held that a written order of the judicial referee, after a pre-trial conference held within the 120-day period, setting the final hearing for a day outside the initial 120-day period, was an extension order under Fla.R. Med.P. 20.160(e), so that the panel did not lose jurisdiction. In Thames, however, neither the statute nor Fla.R.Med.P. 20.160(e) mandated a different result.[2] Here, § 768.44(3) expressly required the hearing be commenced before the panel within six months of the date petitioner filed her claim. Therefore, it is ordered that the writ of prohibition be issued.[3]
MILLS, Acting C.J., concurs.
BOOTH, J., dissents without opinion.
NOTES
[1] Section 768.44(3) provides that "hearing on the claim before the hearing panel ... shall be held within 120 days of the date the claim was filed ... unless ... such time is extended. Such extension shall not exceed 6 months from the date the claim was filed."
[2] Section (e) of that rule simply states that "the judicial referee, by written order, may extend the time for commencing the hearing."
[3] The effect of our opinion is consistent with that of the Fourth District Court of Appeal in the recently decided case of Diggett v. Conkling, 368 So.2d 74 (1979).