PER CURIAM.
This cause is before us on an order to show cause in a medical mediation proceeding. The question presented is whether an extension of time for holding the final hearing, moved for and granted within the 120 days of filing the claim, was invalid because not reduced to writing by the court until after the 120-day period had expired. The trial court’s order on motion to terminate is in pertinent part as follows:
“ORDERED AND ADJUDGED that the Notice/Motion of the Claimant to Terminate Jurisdiction is denied and the time *659 period within which the Mediation Panel herein may hear the claim herein on the merits is in writing extended to six months period nunc pro tunc, which latter Order evidences in writing the Court’s oral Order and intention to extend the time given at the hearing on July 7, 1978.”
After argument and on consideration of the briefs and record before us, we hold that the extension was properly granted and that jurisdiction of the medical mediation panel has not terminated. The motion for extension was made within the 120-day period. Neither Florida Statute section 768.44 nor Rule 20.160(e), Medical Mediation Rules, require that the court enter a written order within that time period. No prejudice to any party is claimed by virtue of the court’s entry of the order of extension after the expiration of the 120-day period. Counsel for all parties were present at the hearing of July 7, 1978, prior to the expiration of the 120-day period, and participated in the setting of the time schedule for the proceedings. Limond v. Llanio, 349 So.2d 214 (Fla. 3d DCA 1977); Thames v. Melvin, 365 So.2d 813 (Fla. 1st DCA 1979).
Accordingly, the petition is DENIED.
McCORD, C. J., and MELVIN and BOOTH, JJ., concur.