DOWNEY, Chief Judge.
Petitioner seeks to prohibit further exercise of jurisdiction by a medical mediation panel for the reason that jurisdiction over the subject matter has expired because no hearing has been held within 120 days from the date the claim was filed as required by Section 768.44(3), Florida Statutes (1977), and Medical Mediation Rule 20.160(e). The latter rule provides:
The hearing is to be held within 120 days from the date the claim was filed. Upon a showing of good cause prior to the expiration of the 120 days from the date the claim was filed, the judicial referee, by written order, may extend the time for commencing the hearing.
In this case the Medical Mediation Referee held a hearing on the 119th day to consider a motion to extend the time for holding “a hearing on the claim before the hearing panel” as required by Section 768.44(3), Florida Statutes (1977). The Referee announced he would grant the extension but no written order was entered until the 123rd day. Thus, argues petitioner, jurisdiction of the panel ended. Respondent contends that only good cause need be shown within the 120 days and that the written order can be entered later, after the 120 day period has expired.
We reject the petitioner’s argument that jurisdiction has ended because a written order was not entered prior to the expiration of the 120 day period provided by Section 768.44(3). It is true that, since the medical mediation procedure contained in Chapter 768 is in derogation of the common law and is an impediment to the constitutional guarantee of access to the courts, strict compliance with the statutory time periods specified is required. Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978). This has been the consistent holding of the courts since establishment of that procedure.[1] However, that principle and those cases are not controlling here because we are not dealing with a jurisdictional time period, but rather with a procedural requirement that an order be entered in writing. That distinction mandates a different treatment of the failure to comply with the strict letter of the rule involved in this case.
Prior to the expiration of the jurisdictional 120 days a motion to extend the 120 day period was heard and orally ruled upon by the judicial referee. The statute was complied with because it simply requires the hearing on the claim to be held within 120 days “unless, for good cause shown upon order of the judicial referee, such time is extended.” The rule requirement that the order be entered in writing was not complied with as the written order was entered on the 123rd day. However, being a procedural rule, it should not be invoked to bring about an unjust result when no prejudice has resulted to either side by the delinquency of the written order. This court held accordingly in Kirkley v. Behe, Case No. 79-1236, Opinion filed October 3, 1979, where the thirty day period prescribed in the Medical Mediation Rules for the entry of a written order was deemed to be a mere ministerial duty since the order had been orally rendered within the thirty day limit. This has been the position taken by two of our sister courts in similar situations.[2]
Respondent also contends that the question may not be presented by Petition for Writ of Prohibition; that jurisdiction of a medical mediation panel can only be reviewed by Petition for Common Law Cer-tiorari, relying upon Simmons v. Faust, 358 So.2d 1358 (Fla.1978), and Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977). Those cases are authority for reviewing an order of the Medical Mediation Referee bearing upon jurisdiction of the panel. However, *45 we also believe that where a medical mediation panel continues to exercise jurisdiction over a claim after its jurisdiction has expired, prohibition lies to terminate the exercise of putative jurisdiction. Prohibition has traditionally been the vehicle to prevent a lower tribunal from proceeding in excess of its jurisdiction. The Third District Court of Appeal has considered the question of jurisdiction in similar cases, State ex rel. Love v. Jacobson, 343 So.2d 1328 (Fla. 3rd DCA 1977), cert. denied 352 So.2d 172 (Fla.1977), and State ex rel McGuirk v. Cowart, 344 So.2d 624 (Fla. 3rd DCA 1977).
Since we find no jurisdictional deficiency, the Writ of Prohibition is DENIED.
LETTS, J., and CROSS, SPENCER C., Associate Judge, concur.

. See: Pyle v. Taylor, 361 So.2d 790 (Fla. 1st DCA 1978); Howell v. Allen, 361 So.2d 791 (Fla. 1st DCA 1978); Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2nd DCA 1978); Johnson v. Crawford, 361 So.2d 741 (Fla. 4th DCA 1978).

. Thames v. Melvin, 365 So.2d 813 (Fla. 1st DCA 1979); Limond v. Llanio, 349 So.2d 214 (Fla. 3rd DCA 1977); Wilson v. Smith, 369 So.2d 658, 3rd DCA 1979.