DOWNEY, Chief Judge.
By Petition for Writ of Certiorari review is sought of an order of the judicial referee confirming termination of a medical mediation proceeding.
It appears from the petition that “On January 16, 1979, the respondent, Mary Bercier, filed a medical malpractice claim against the Hospital. This complaint was never served and a copy of it was never mailed to the Hospital. On March 7, 1979, (52 days later) an ‘amended complaint’ was filed. This complaint was served on the Hospital on March 12, 1979 (57 days later). No leave of court[1] was sought or received for filing this complaint. The Hospital filed an answer to the complaint on March 14, 1979.
“A ‘Notice of Final Hearing’ was entered by the judicial referee on April 3, 1979, setting the final hearing for June 29, 1979. However, on May 17,1979, the clerk’s office issued its certificate terminating jurisdiction on the ground that:
A hearing has not been held within 120 days from the date of the filing of the claim and no extension order has been entered by the judicial referee.
The clerk’s certificate was entered four months after the original complaint was filed (but never served) and about seventy-one days after the ‘amended complaint’ was filed and served. On May 21, 1979, the Hospital filed a ‘Motion to Set Aside Clerk’s Certificate Termination of Jurisdiction’ and on May 31, 1979, the Hospital filed a ‘Motion For Clarification of Termination Order, and For Extension of Jurisdiction.’
“On June 18, 1978 (sic),[2] Judge Orlando entered the following order on these motions:
1. That the original claim was filed on January 16, 1979; that the final hearing was not commenced within 120 days of original filing and defendant failed to file a Motion, or. otherwise seek, to extend jurisdiction beyond the 120 day period.
2. That jurisdiction of the above-entitled action has terminated as a matter of law on May 17,1979, and the parties may proceed in accordance with law.”
Upon the filing of the petition this court issued a rule commanding the respondent to file a response. Respondent filed a motion to dismiss the petition and a memorandum in support thereof, but failed to file any response.
We have considered the petition and respondent’s motion to dismiss and memorandum in support thereof and find that the judicial referee departed from the essential requirements of law. The written notice of hearing issued prior to the expiration of the 120 day period setting the final *143 hearing for June 29, 1979 (a date beyond the 120 day period) constitutes an extension of time envisioned by Section 768.44(3), Florida Statutes (Supp.1978), albeit no formal motion to extend the time had been filed. Thames v. Melvin, 365 So.2d 813 (Fla. 1st DCA 1979). The record demonstrates there was adequate good cause for the extension as required by Medical Mediation Rule 20.160(e). We consider the respondent’s excessive delay in serving the complaint upon petitioner as good cause for the extension.
Accordingly, the Petition for Certiorari is granted and the order of the judicial referee .confirming termination of jurisdiction is quashed and the cause is remanded to the judicial referee for reinstatement of the medical mediation proceeding.
ANSTEAD, J., and CROSS, SPENCER C., Associate Judge, concur.

. We assume petitioner means no leave of the judicial referee was obtained since this was a medical mediation proceeding.

. It is clear this order was entered June 18, 1979.