ON PETITION FOR REHEARING
PER CURIAM.
The appellants asserted that this court’s per curiam affirmance was implicitly bottomed on Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978), and pointed out that the Florida Supreme Court had granted cer-tiorari to determine the conflict between Aldana and State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977). However, even if the Supreme Court had quashed the decision in Aldana and affirmed that in Mercy Hospital, the' appellants would not have been entitled to relief. In fact, the Florida Supreme Court affirmed this court’s opinion in Aldana, and did not address the jurisdictional issue in Mercy Hospital, ruling instead that the Medical Mediation Act was unconstitutional as applied because “application of its rigid jurisdictional periods has proven arbitrary and capricious . . ., yet the act cannot be [constitutionally] remedied by enlarging the jurisdictional periods. . . . ” Aldana v. Holub, 381 So.2d 231 (Fla.1980). Although the parties did stipulate to a stay of medical mediation proceedings under circumstances identical to those which the judicial referee in Mercy Hospital stayed medical mediation proceedings, this case does not resemble Mercy Hospital in any other way.
*1231 In the instant case, the two-year statute of limitations began to run on January 7, 1974, when appellants first discovered their infant son had suffered brain damage. On September 17, 1975, appellants filed their claim for medical mediation, staying the limitation period. Shortly thereafter, the parties stipulated that both the medical mediation proceeding and the statute of limitations would be stayed pending the question whether the Medical Mediation Act was constitutional. Following the Supreme Court’s decision upholding the Act in Carter v. Sparkman, 835 So.2d 802 (Fla.1976), the judicial referee on February 18, 1977, lifted the stay as to the medical mediation action.
Accepting arguendo the Third District’s interpretation in Mercy Hospital that a mediation proceeding may be stayed by stipulation, the parties then had at most seven months and twenty-two days of the ten-month jurisdictional period in which to complete the mediation claim, or until October 10, 1977. The mediation panel entered its order outside the jurisdictional period, on December 13, 1977. Appellants filed their complaint in circuit court on February 10, 1978, 59 days after the filing of the panel’s order.
It is appellants’ contention that they had 60 days from the date of the order in which to file their complaint in circuit court because Section 768.44(4), Florida Statutes (1977), allows a party 60 days from either the date the panel’s order is mailed or the date jurisdiction is terminated in which to file a complaint. We disagree. The panel had no jurisdiction to issue its order. After the expiration of the panel’s jurisdiction, appellants had three months and twenty-one days (the period remaining before the statute of limitations would run when the mediation claim was filed), or until January 31, 1978 to file their complaint. The complaint filed February 10, 1978 was subject to the statute of limitations’ defense under the most liberal interpretation of the Medical Mediation Act, thus this court’s per cu-riam affirmance. The petition for rehearing and the request for certification are denied.
ERVIN, LARRY G. SMITH and SHAW, JJ., concur.