352 So.2d 65 (1977)
Shirley F. PERKINS and Virgil Perkins, Appellants,
v.
Robert H. PARE, M.D., and Martin Memorial Hospital Association, Inc., a Nonprofit Florida Corporation D/B/a Martin Memorial Hospital, Appellees.
No. 76-1755.
District Court of Appeal of Florida, Fourth District.
August 12, 1977.
Rehearing Denied September 28, 1977.
*66 Dennis J. Hightower of Whitaker & Koepke & Associates, Orlando, for appellants.
Michael B. Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellee Pare.
CROSS, Judge.
We treat as a petition for a common law writ of certiorari an interlocutory appeal seeking review of an order extending time for mediation hearing in a medical malpractice action. We grant certiorari, and quash the order.
Petitioner submitted a claim for medical malpractice against Robert H. Pare, M.D., in the Circuit Court for Martin County, Florida, in September 1975. Upon failure of the clerk to select a mediation panel and set a hearing date, respondent on June 9, 1976 filed a motion requesting the judicial referee and clerk to select a panel and set the cause for hearing prior to July 17, 1976 so as not to deny respondent his right to a hearing pursuant to § 768.44, Florida Statutes (1976), which contains a ten-month limitation of jurisdiction. On June 23, 1976 a circuit judge acting as a judicial referee entered an order directing the clerk of the circuit court to proceed with the selection of arbitrators and schedule a hearing before the mediation panel on July 7, 1976.
Petitioner moved to dismiss or alternatively, strike the hearing date on the grounds that more than 120 days elapsed *67 since the filing of the claim without selection of a mediation panel, or without setting the claim for hearing, or good cause for extension being shown. Petitioner also alleged the scheduled hearing date of July 7, 1976 violates Florida Rules of Civil Procedure for failure to give thirty days notice of the trial date.
The motions to strike and dismiss came on for hearing and were denied except as to striking the hearing date, which was later to be re-set with proper notice upon completion of selection of panel members. The clerk of the circuit court, pursuant to the order of June 23, 1976, distributed a list of potential mediators on June 24, 1976. Petitioner filed objections to the selection of the panel members. Respondent filed a waiver of all challenges to proposed panel members, and requested an order requiring petitioners to select their choices of panel members. Respondent also filed a motion for extension of time to hear the mediation claim, allegedly to avoid prejudice to his right to a hearing before the mediation panel.
The motions came on for hearing, and an order was entered denying respondent's motion to require designation and selection of a hearing panel, and denied all but one of petitioner's objections to the proposed arbitrators. Subsequently, the judicial referee determined it was not possible to hold a hearing on the claim prior to expiration of the time set forth in § 768.44, Florida Statutes (1976), i.e., ten months, at which time jurisdiction would terminate. Notwithstanding, the judicial referee expressed his belief that the hearing procedure began by selection of the mediation panel, and entered an order extending the time for hearing on the claim until a panel was properly selected. An interlocutory appeal then followed. We treat the interlocutory appeal as a petition for a common law writ of certiorari.[1]
Section 768.44, Florida Statutes (Supp. 1976), provides in pertinent part:
"(3) The clerk shall, with the advice and cooperation of the parties and their counsel, fix a date, time, and place for a hearing on the claim before the hearing panel. The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed 6 months from the date the claim is filed. If no hearing on the merits is held within ten months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law." (Emphasis added)
The language of the above quoted statute is explicit. It limits the jurisdiction of the mediation panel to a period of ten months from the date the claim is filed within which a final hearing on the merits must be concluded. Failure to observe this limitation period results in automatic termination of the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties.[2] Trial courts have no discretion in matters which are jurisdictional. Moreover, selection of a mediation panel cannot be equated with a full and final hearing on the merits as is required by § 768.44, Florida Statutes (Supp. 1976).
In the instant case, the jurisdiction of the mediation panel terminated as a matter of law at the expiration of the ten-month period. Accordingly, certiorari is granted and the order on review is quashed.
Certiorari granted and order quashed.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] Beta Eta House Corporation v. Gregory, 230 So.2d 495 (Fla. 1st DCA 1970).
[2] See proposed Fla.R.Med.P. 20.190, effective September 1, 1977.