356 So.2d 11 (1977)
Robert KIRSCHGESSNER, Petitioner,
v.
MIAMI INTERNATIONAL HOSPITAL, Dr. Raphael Cilento, Jr., Marcos Zugeiram, Dr. Harvey A. Grable, Dr. Luna, Dr. Norman Borken, Dr. Marshall Abel, Dr. Francisco Suarez and Dr. Morton S. Corin, Respondents.
No. 77-1167.
District Court of Appeal of Florida, Fourth District.
November 29, 1977.
Carol M. Anderson, of Anderson & Anderson, Fort Lauderdale, for petitioner.
Richard A. Sherman, of Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, for respondents, Abel, Borkin, Corin, and Suarez.
Mark Hicks, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for respondent, Zugueiram.
Robert L. Koeppel, of Koeppel, Stark & Newmark, Miami, for respondent, Miami Intern. Hospital.
LETTS, Judge.
This is a petition for certiorari arising because the trial judge continued the proceedings, under Section 768.44(3) of the Florida Statutes Supplement (1976), beyond the ten month limitation period permitted for the holding of a medical mediation procedure hearing. We grant certiorari and quash the order of the trial judge upon the authority of Perkins v. Pare, 352 So.2d 65 (Fla. 4 DCA 1977).
In that case, by way of dicta, Judge Cross interpreted this statute to mean that the final hearing on the merits must be "concluded" within the ten month period or jurisdiction would terminate.
At the time that Judge Cross prepared that opinion the Supreme Court was simultaneously adopting rules of medical procedure reported in 348 So.2d 547. The rule in question states:
Rule 20.190. TERMINATION. The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
* * * * * *
(d) The final hearing has not been concluded within 10 months from the date the claim is filed.
Termination for any of the foregoing reasons terminates the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties. A termination for one of the foregoing reasons is automatic, and the clerk's act or failure to act is ministerial only. (emphasis supplied).
From a reading of the above rule, there can be no question but that Judge Cross' interpretation was correct. It is true his opinion in Perkins preceded the September 1, 1977 date on which these rules were to become effective. Nonetheless, the Supreme Court's thinking is all too evident.
*12 CERTIORARI GRANTED AND ORDER QUASHED.
CROSS and ANSTEAD, JJ., concur.