352 So.2d 572 (1977)
STATE of Florida ex rel. Jack R. LUND, D.O., Relator,
v.
The Honorable Lawrence E. KEOUGH and the Honorable Edward H. Bergstrom, Jr., Respondents.
No. 77-1655.
District Court of Appeal of Florida, Second District.
November 30, 1977.
*573 Peter O. Brick, Port Richey, for relator.
John J. Lazzara of Lazzara & Gomez, Tampa, for respondents.
PER CURIAM.
This is a petition for writ of mandamus in a case which is similar in many respects to State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977). Here, as in Vann, the judicial referee had stayed the malpractice mediation proceedings on his own motion pending the determination of the constitutionality of Section 768.133, Florida Statutes (1975). After the constitutionality of this statute had been upheld, the judicial referee determined that he had had no authority to extend the period of time within which the mediation panel could meet beyond ten months from when the claim was filed, and he dismissed the panel.
A subsequent civil action in malpractice was filed, and the defendant doctor filed a motion for a stay order to permit further medical mediation proceedings. The circuit judge observed that the cause should be stayed so as to permit the medical mediation proceedings to resume but concluded that he did not have the power to overrule a fellow circuit judge acting in the capacity of a judicial referee and denied the motion for a stay order.
Pursuant to the rationale of Vann, we agree with the second judge's views on whether the mediation panel should have been dismissed. See also State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977). We respectfully disagree with his conclusion that he could not grant a stay pending medical mediation proceedings. Cf. Richards v. Foulk, 345 So.2d 402 (Fla. 3d DCA 1977). We do not suggest that the circuit judge should be in a position to second-guess the judicial referee in the procedures followed during mediation, but the order which terminated the panel's jurisdiction in this case had the effect of denying the relator due process. Vann, supra. The medical mediation proceedings, in which the first circuit judge participated solely in the capacity of a judicial referee, were necessarily subordinate to the malpractice action in the sense that the second circuit judge had the right to consider whether the mediation proceedings were properly terminated in order to determine his own jurisdiction to proceed.
We have chosen to treat the petition for mandamus as a petition for certiorari which is hereby granted. The order denying the motion to stay is quashed with directions to enter an order staying the case pending prompt and timely medical mediation proceedings.
BOARDMAN, C.J., and GRIMES and SCHEB, JJ., concur.