354 So.2d 885 (1977)
Dr. Sidney COLE, Petitioner,
v.
Roosevelt WALLACE, Respondent.
No. 77-227.
District Court of Appeal of Florida, Fourth District.
November 29, 1977.
On Rehearing February 21, 1978.
John A. Thompson, Jr. of Preddy, Haddad, Kutner, Hardy & Josephs, Miami, for petitioner.
Sheldon J. Schlesinger of Simons & Schlesinger, Fort Lauderdale, for respondent.
CROSS, Judge.
Petitioner, Dr. Sidney Cole, seeks review through writ of certiorari of two orders entered by the judicial referee of a medical mediation panel in a medical malpractice *886 action. We affirm the referee's order terminating the jurisdiction of the medical mediation panel, and therefore do not reach the issue of the propriety of the appealed-from order denying objections to written interrogatories.
Respondent, Roosevelt Wallace, filed a claim for medical malpractice against petitioner on December 16, 1975. On March 15, 1976, at the request of the respondent/claimant, the mediation proceeding was abated by order of the judicial referee pending a determination by the Florida Supreme Court as to the constitutionality of medical mediation proceedings under former § 768.133 (now § 768.44), Florida Statutes (Supp. 1976). Following the decision of the Supreme Court in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), upholding the constitutionality of the medical mediation procedure, the judicial referee on September 23, 1976, reinstated the instant cause and ordered that "... this claim shall proceed as if filed on the date of this Order, with the jurisdictional limit of 10 months to run from the date of this Order." On January 27, 1977, respondent filed a motion to terminate jurisdiction of the medical mediation panel for failure to conclude proceedings within the 10-month jurisdictional period established by § 768.44(3), Florida Statutes (Supp. 1976). The motion was granted and an order entered terminating the jurisdiction of the panel. Hence, this petition for a writ of certiorari.
The initial question presented by this appeal is whether petition for a writ of certiorari is the proper vehicle through which appellate review of medical mediation proceedings may be sought. Medical liability mediation panels may be characterized as quasi-judicial boards whose determinations fall neither under the ambit of "interlocutory orders in civil actions," nor involve "intermediate agency actions" within the contemplation of Fla.App. Rule 4.2(a) or § 120.68(1), Florida Statutes (Supp. 1976), respectively. Where the legislature establishes a procedure to provide "reforms" in medical malpractice actions, and where during the course of the administration of such procedures an injury or wrong is alleged to have occurred, any aggrieved party must be afforded a concomitant right of access to appellate review for redress of such injury or wrong. The legislature has chosen, either consciously or unconsciously, to remain silent as to the procedure whereby appellate review of medical mediation proceedings may be obtained. Under these circumstances, common law certiorari appears to be the most logical and appropriate method.[1]
We now turn to review the order terminating the jurisdiction of the medical mediation panel.
Both § 768.44(3), Florida Statutes, and Rule 20.190, Fla.R.Med.P. (effective Sept. 1, 1977), provide that the jurisdiction of the medical mediation panel shall terminate automatically upon the expiration of ten months from the date the claim was filed. As we stated in Perkins v. Pare, 352 So.2d 64 (Fla.4th DCA Opinion filed April 15, 1977):
"The language of the ... statute is explicit. It limits the jurisdiction of the mediation panel to a period of ten months from the date the claim is filed within which a final hearing on the merits must be concluded. Failure to observe this limitation period results in automatic termination of the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties." (Citation omitted)
Strict adherence to the statutory framework provided by § 768.44, Florida Statutes, is mandated in order to protect the rights of the claimant whose pre-litigation burden "reaches the outer limits of constitutional tolerance... ." Carter v. Sparkman, supra, at 806.
*887 In State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla.3d DCA 1977), and State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla.3d DCA 1977), our sister court of the Third District determined that the judicial referee had no authority to stay or alter the time allowed by statute for the conclusion of medical mediation proceedings. Although we adopt the rule of law set forth in these opinions, we must respectfully decline to follow the ultimate results reached in Mercy Hospital and McGuirk, supra, respectively. In both cases the Third District recognized a special equity existing on behalf of the respective defendants which arose because the abatement of proceedings pending a determination as to the constitutionality of the medical mediation proceedings was obtained at the instance of the claimant. Therefore, the Third District reasoned:
"... since the claimant asked for such an unauthorized order which resulted in the subsequent expiration of the statutory ten-month period, we believe that the medical defendants should not thereby be deprived of their right to mediation. We therefore hold that there still adheres to the mediation panel the time which remained on the ten month statutory period at the time the unauthorized order was entered."[2]
We are required by the clear and precise terms of § 768.44, Florida Statutes, and Rule 20.190, Fla.R.Med.P., to decline this approach and, instead, adhere to the views expressed by the dissenting opinion in State ex rel. McGuirk v. Cowart, supra.
The jurisdiction of a medical mediation panel terminates as a matter of law if a hearing has not been held at the expiration of the ten-month jurisdictional period. Perkins v. Pare, supra. The mere fact that the claimant was able to obtain an unauthorized order from the judicial referee in no way mitigates the clear dictates of the statute. Administrative tribunals and trial courts frequently issue improper orders which contribute, in part, to the great increase in the caseload which plague appellate courts today. However, because appellate courts are available in which review of such orders may be readily  even if somewhat belatedly  obtained, failure to seek review of orders which appear contrary to statutory dictates cannot be asserted as a mitigating factor where jurisdictional time limits are involved. The claim was filed on December 16, 1975 and jurisdiction of the panel, therefore, terminated as a matter of law on October 16, 1976, notwithstanding the order of the judicial referee abating the proceedings.
Accordingly, the petition for a writ of certiorari is dismissed.
Certiorari denied.
ANSTEAD and MOORE, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
We grant rehearing, and correct the date on which the mediation claim was filed to reflect that the mediation claim was filed on December 22, 1975, not December 16, 1975.
CROSS, ANSTEAD and MOORE, JJ., concur.
NOTES
[1] See Perkins v. Pare, 352 So.2d 64 (Fla.4th DCA Opinion filed April 15, 1977); 16 F.L.W. 775 (April 22, 1977).
[2] State ex rel. McGuirk v. Cowart, 344 So.2d 624, at 626 (Fla. 3d DCA 1977).