358 So.2d 568 (1978)
Robert D. FEBLES, M.D., Petitioner,
v.
Irene ABERCROMBIE, Joined by Her Husband, Robert B. Abercrombie, Respondents.
Robert D. FEBLES, M.D., Appellant,
v.
Irene ABERCROMBIE, Joined by Her Husband, Robert B. Abercrombie, Appellees.
Nos. 77-2012 and 77-2016.
District Court of Appeal of Florida, Second District.
April 26, 1978.
Rehearing Denied June 1, 1978.
William C. Blake, Jr. of Blake & Ford, P.A., Tampa, for petitioner/appellant.
Tom J. Johnson, Jr., Tampa, for respondents/appellees.
PER CURIAM.
Dr. Febles, defendant below, petitions for writs of certiorari to review the judicial referee's order dismissing the medical mediation panel for lack of jurisdiction before a hearing on the malpractice claim against him and the concomitant denial of his motion for judgment on the pleadings in the suit filed against him in circuit court.[1] Febles contends that the referee erred in ruling that mediation panel jurisdiction could not be extended beyond the ten-month period prescribed in Section 768.44(3), Florida Statutes (1976 Supp.). We hold that the judicial referee was correct and affirm.
The hearing before the medical mediation panel was originally scheduled for September 16, 1977, only six days before the ten-month period prescribed by the statute was due to expire. A few weeks prior to the scheduled hearing, it became apparent that the assigned judicial referee would not be available on the hearing date set. Attempts were then made to either reset the hearing for an earlier date or to have a successor referee appointed in time to hold the hearing before the ten months expired. Through no fault of either party, neither of these objectives could be accomplished.
On September 12, 1977, Dr. Febles moved for an extension of mediation panel jurisdiction beyond the ten-month period, and the original referee granted the motion. In November, however, plaintiffs concurrently filed a motion to dismiss the mediation panel for lack of jurisdiction and a complaint against Dr. Febles in the circuit court. Dr. Febles simultaneously filed an answer to the complaint, asserting as an affirmative defense that mediation panel jurisdiction continued, and a motion for judgment on the pleadings. The successor judicial referee granted plaintiffs' motion to dismiss the mediation panel and, in his capacity as a circuit court judge, denied Dr. Febles' motion for judgment on the pleadings, finding that he did not have jurisdiction to extend mediation panel jurisdiction beyond the ten-month period prescribed by the statute.
*569 Section 768.44(3), Florida Statutes (1976 Supp.) [formerly Section 768.133, Florida Statutes (1975)] provides in pertinent part:
If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law.
The position of the First and Fourth Districts is that there are no exceptions to the statutory ten-month limit on mediation panel jurisdiction. Aldana v. Holub, 354 So.2d 1272 (Fla.1st DCA 1978); Perkins v. Pare, 352 So.2d 65 (Fla.4th DCA 1977). Although not applicable here because plaintiffs' claim was filed prior to the September 1, 1977 effective date of the new Rules of Medical Mediation Procedure, Fla.R.Med.P. 20.190 is indicative of the Florida Supreme Court's position. It provides:
The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
.....
(d) The final hearing has not been concluded within 10 months from the date the claim is filed. Termination for any of the foregoing reasons terminates the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties. A termination for one of the foregoing reasons is automatic, and the clerk's act or failure to act is ministerial only.
This court in State ex rel. Lund v. Keough, 352 So.2d 572 (Fla.2d DCA 1977) and the Third District in State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla.3d DCA 1977), and State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla.3d DCA 1977), held that the ten-month period could be extended where the mediation panel proceedings had been improperly stayed pending determination of the constitutionality of Section 768.133, Florida Statutes (1975), the statute governing medical mediation panels. However, Vann, supra, and Cowart, supra, were expressly limited to their facts, and we believe Keough, supra, should also be so limited. We decline to further extend the doctrine expressed in Keough.
For the reasons set forth above, the petitions for writ of certiorari are denied.
BOARDMAN, C.J., and SCHEB and DANAHY, JJ., concur.
NOTES
[1] The order appealed from in Case No. 77-2016 is not an appealable order. However, we choose to treat the notice of appeal filed in that case as a petition for certiorari.