358 So.2d 1179 (1978)
Sadie LOVE, Petitioner,
v.
Ira S. JACOBSON, M.D., North Dade Hospital, Inc., and the Honorable Boyce F. Ezell, Jr., Respondents.
No. 77-2208.
District Court of Appeal of Florida, Third District.
May 23, 1978.
*1180 Cohen & Kokus and Linda Koenigsberg, Miami, for petitioner.
Fowler, White, Burnett, Hurley, Banick & Knight and Thomas F. Martin, Miami, Howard E. Barwick and M. Lee Gay, Jr., Miami Shores, for respondents.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is an original petition for a writ of certiorari challenging the jurisdiction of the medical mediation panel to entertain a medical malpractice claim under Section 768.44, Florida Statutes (1977). We have jurisdiction to entertain the petition. Art. V, § 4(b)(3), Fla. Const.; Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977).
The issue presented for review is whether a medical mediation panel has jurisdiction to hear a medical malpractice claim under Section 768.44(3), Florida Statutes (1977), where a hearing on said claim has commenced, but has not concluded within ten months of the date the claim was filed due to the alleged delaying tactics of the claimant. We hold that the medical mediation panel under said circumstances has lost jurisdiction to hear such medical malpractice claim after the expiration of the ten month statutory period under Section 768.44(3), Florida Statutes (1977). Accordingly, we grant the petition for a writ of certiorari herein.
It appears without dispute that on June 29, 1976, the petitioner Sadie Love filed a medical malpractice claim under Section 768.44, Florida Statutes (1977), against the respondents Dr. Ira S. Jacobson and North Dade Hospital, Inc. in the Circuit Court for the Eleventh Judicial Circuit of Florida. The claim fell before a medical mediation panel under the above statute in which the respondent circuit judge was the judicial referee.
Under Section 768.44(3), Florida Statutes (1977), the last day on which the petitioner's claim could be heard was ten months from the date the claim was filed, to wit: April 29, 1977. Part of that ten month period, however, was stayed by this court's issuance of a rule nisi in a prior prohibition action in this case, which rule was subsequently quashed. State ex rel. Love v. Jacobson, 343 So.2d 1328 (Fla. 3d DCA 1977). This stay necessarily meant that the ten month period expired on July 1, 1977.
On June 21, 1977, the mediation panel herein commenced a hearing on the petitioner's claim but was unable to conclude the matter and had to continue the hearing to another date. A defective petition for writ of prohibition subsequently filed by the petitioner Love attempted to challenge the panel's jurisdiction to proceed, but this court dismissed the petition as failing to state a prima facie case.
On July 18, 1977, the hearing before the mediation panel was resumed but again was not concluded and had to be continued to November 8, 1977. On September 27, 1977, the petitioner Love filed a motion which in effect sought to terminate the jurisdiction of the mediation panel; the motion was denied by the judicial referee. The petitioner Love then filed the instant petition for a writ of certiorari which properly challenges the jurisdiction of the mediation panel to hear her claim under Section 768.44(3), Florida Statutes (1977).
The law is well-settled that a medical mediation panel has no jurisdiction to entertain a medical malpractice claim under Section 768.44, Florida Statutes (1977), "[i]f *1181 no hearing on the merits is held within 10 months of the date the claim is filed ..." § 768.44(3), Fla. Stat. (1977). Such hearing must be concluded before the expiration of the above ten month statutory period. Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977); Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978); Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977).
The only exception recognized by some but not all of the cases to the strict ten month statutory period has been limited to the unique case where a judicial referee at the instance of the claimant stayed the panel proceedings pending a decision of the Florida Supreme Court in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), on the constitutionality of Section 768.44, Florida Statutes (1977). State ex rel. Lund v. Keough, 352 So.2d 572 (Fla. 2d DCA 1977); State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977); State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977). These decisions were rendered during the early existence of the medical mediation statute when its constitutionality was very much in doubt. It was felt in these cases that the judicial referee's action was reasonable under the circumstances because had the Carter decision gone the other way a good deal of unnecessary labor by judicial referees and mediation panels would have been avoided. Even in this line of cases, this court was careful to point out that the exception recognized therein would not occur again and could not later be broadened or expanded. The court stated in State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977), as follows:
"Since the circuit judge in this case and in the Mercy Hospital case entered their stay or transfer orders under the peculiar circumstances of awaiting a Florida Supreme Court decision on the constitutionality of the Medical Malpractice Reform Act, it is clear that these or similar circumstances will never again occur. The ten month statutory limit for holding medical malpractice mediation hearings is clear and unequivocal. It should be rigidly enforced so as to mitigate the plaintiff's pre-litigation burden imposed by the Act." Id. at 626-27.
Other courts have declined to expand the exception recognized by the above cases beyond the limited facts therein involved so as to create a broader or new exception to the ten month statutory period under Section 768.44(3), Florida Statutes (1977). In fact, these courts have been critical of the results reached by the earlier line of cases and have underlined further the Florida courts' strict adherence to the ten month statutory period within which a medical mediation claim must be heard by the mediation panel. Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA, 1977); Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978).
In the instant case, the petitioner's medical malpractice claim was filed before a medical mediation panel and has been pending there for a period of time in excess of ten months. Although a hearing was commenced prior to the expiration of the statutory ten month period, that hearing was not concluded and the ten month period has subsequently expired.
The respondents Jacobson and North Dade Hospital contend that some of the delays in bringing this claim to hearing were in part attributable to the plaintiff herself. We pass no judgment on whether this claim has any merit because we believe it to be irrelevant. It matters not who is responsible for the delay in the progress of the medical mediation panel, the statute involved is clear and unequivocal that the medical mediation panel loses jurisdiction to proceed on a medical malpractice claim under Section 768.44(3), Florida Statutes (1977), when ten months expire from the date of the filing of the claim and no hearing has been held thereon. Such a hearing must be concluded prior to the ten month period which has not been accomplished in this case.
The result reached in this case as well as other cases in this state emphasizes the extreme necessity on the part of the judicial referee to move the medical malpractice claims along to fruition according to the strict time guidelines laid down by *1182 Section 768.44(3), Florida Statutes (1977). The Supreme Court of Florida in Carter v. Sparkman, supra, has made it clear that the ten month statutory period represents the outer limits of constitutional tolerance as a pre-litigation burden on the plaintiff's constitutional right of access to the courts. Carter v. Sparkman, 335 So.2d 802, 806 (Fla. 1976).
The petition for writ of certiorari is granted, the order under review is quashed and the cause is remanded to the judicial referee with directions to terminate the jurisdiction of the medical mediation panel to hear the petitioner's medical malpractice claim herein.