PER CURIAM.
Petitioner seeks certiorari review of an order of a judicial referee in medical liability mediation proceedings conducted pursuant to Section 768.44, Florida Statutes (1977). The hearing on respondents’ claim was concluded on March 16, 1978, within 10 months of the date the claim was filed. Thereafter, on April 5, 1978, and after 10 months had elapsed from the date their claim was filed, the respondents moved to disqualify the physician member of the panel, a Dr. Allen, because petitioner had been the physician on a medical liability mediation panel which had heard a claim against Allen and found no negligence. The judicial referee heard and granted the motion. Petitioner asserts the judicial referee and the panel were without jurisdiction to do anything but put their decision into writing and file it within 30 days of the hearing. Section 768.44(7), Florida Statutes (1977). We agree. Section 768.44(2)(g) provides a 10-day time limit within which the prospective panel members may disqualify themselves and within which the parties may challenge the panel members for cause. Since respondents failed to timely challenge Dr. Allen, they waived that right.
Moreover, Section 768.44(3) is clear that the subject matter jurisdiction of the panel terminated 10 months after the claim was filed. See Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978).
*791 The petition for writ of certiorari is granted, and the judicial referee’s order of April 11, 1978 is quashed.
McCORD, G. J., and MILLS and ERVIN, JJ., concur.