363 So.2d 15 (1978)
Kelly June BURCHETT, Petitioner,
v.
Dr. Franklin D. CLONTZ, Respondent.
No. 77-2503.
District Court of Appeal of Florida, Fourth District.
September 13, 1978.
Rehearing Denied October 27, 1978.
*16 T.G. LaGrone, Orlando, for petitioner.
John R. Godbee, Jr., of Coble, McKinnon, Rothert, Bohner & Godbee, Daytona Beach, for respondent.
CROSS, Judge.
Kelly June Burchett seeks through petition for writ of certiorari review of an order of a judicial referee entered in a medical malpractice mediation proceeding. We grant the writ of certiorari and quash the order.
Claimant filed her medical malpractice claim on February 14, 1977. The hearing was held on September 21, 1977. Petitioner urges us to quash the order upon the grounds that the mediation panel lost its jurisdiction to proceed when the hearing was not commenced within six months from the date the claim was filed. Section 768.44, Florida Statutes, sets forth the statutory guidelines for the mediation procedure. It provides in relevant part:
"The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed 6 months from the date the claim is filed." (Emphasis added)
The proper effect to be given to these words has been set forth in Fla.R.Med.P. Rule 20.190. This rule provides:
"The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
.....
"(c) An extension order has been entered by the judicial referee but the hearing has not been commenced within six months from the date of the filing of the claim... ."
Thus, it is clear that the jurisdiction of the mediation panel terminated as a matter of law six months from the filing of the claim because no hearing on the merits had been commenced at that time.
Accordingly, we grant the writ of certiorari and quash the order of the judicial referee.
MOORE and BERANEK, JJ., concur.