MOORE, Judge.
We have before us a petition for writ of certiorari seeking review of a Clerk’s Certificate terminating the jurisdiction of a medical mediation liability panel pursuant to Section 768.44(3), Florida Statutes (1977). The clerk issued his certificate after ten (10) months had expired from the date the claim was filed. Appellant contends that to deny him his statutory right to a hearing, when the failure to conduct such hearing within the prescribed time limits was through no fault of his, is a denial of due *503 process of law. While the facts of this case tend to make us sympathize with petitioner’s position, we cannot agree that the clerk’s termination of jurisdiction was in error.
The hearing on the merits of this medical mediation was scheduled for March 23, 1978, two days prior to the expiration of ten (10) months from the time the claim was filed. The record does not reflect why the hearing was scheduled so close to the time when jurisdiction of the panel would expire. For the first time, the parties learned on March 23, that the attorney member of the panel would not be available because he had suffered an untimely demise. Not being able to obtain a substitute attorney member within the short time remaining, the hearing never commenced and the clerk issued his certificate terminating jurisdiction of the panel.
Numerous cases have held that the statutory time limits are jurisdictional and must be strictly construed. Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978); Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978); Febles v. Abercrombie, 358 So.2d 568 (Fla. 2d DCA 1978); Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1978); Mellor v. Arakgui, 359 So.2d 36 (Fla. 4th DCA 1978); Stanton v. Community Hospital of South Broward, 359 So.2d 37 (Fla. 4th DCA 1978); Burchett v. Clontz, 363 So.2d 15 (Fla. 4th DCA, opinion issued September 13, 1978). But see, State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977); State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977); State ex rel. Lund v. Keough, 352 So.2d 572 (Fla. 2d DCA 1977).
As this Court stated in Cole v. Wallace, supra, “strict adherence to the statutory framework provided by Section 768.44, Florida Statutes, is mandated in order to protect the rights of the claimant whose pre-litigation burden ‘reaches the outer limits of constitutional tolerance ..’ ” 354 So.2d at 886. A statutory right to a hearing should not be lightly denied, particularly when the failure to comply with the time limits is not the fault of either party. This right, however, must be balanced against the opposing parties’ constitutional right of access to the courts. In dealing with the crisis in medical care, the Florida Legislature has balanced these rights and provided in its legislation the maximum time during which a citizen’s access to the courts can be denied. Any other interpretation of Section 768.44 would exceed the “outer limits of constitutional tolerance.” Accordingly, the clerk was correct in entering his certificate, terminating jurisdiction of the medical mediation panel as a matter of law.
The petition for writ of certiorari is DENIED.
ANSTEAD, J., concurs.
DAUKSCH, J., concurs in conclusion only.