381 So.2d 231 (1980)
Luis ALDANA, M.D., Petitioner,
v.
Patricia Ann HOLUB, Respondent.
Dr. Marshall ABEL et al., Petitioners,
v.
Robert KIRSCHGESSNER et al., Respondents.
Nos. 53612, 53227.
Supreme Court of Florida.
February 28, 1980.
Rehearing Denied April 9, 1980.
*233 David L. Holbrook, of Wells, Gattis & Hallowes, Orlando, for Luis Aldana.
Richard A. Sherman, of Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy, Miami, for Dr. Marshall Abel, Dr. Norman Borken, Dr. Morton S. Corin and Dr. Francisco Suarez.
Bradford Swing, James E. Tribble and James C. Blecke, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for Dr. Marcos A. Zequeria, Jr.
Gary M. Carman and Robert L. Koeppel, of Koeppel, Stark & Newmark, Miami, for Miami Intern. Hospital, Inc., petitioners.
Larry Sands and Sarah E. Hague of the Law Offices of Larry Sands, Daytona Beach, for Patricia Ann Holub.
Law Offices of Simons & Schlesinger, and Carol M. Anderson, of Anderson & Anderson, Fort Lauderdale, for Robert Kirschgessner.
Michael J. Parenti, III, of Preddy, Kutner & Hardy, Miami, for Dr. Harvey A. Grable, respondents.
Larry Klein, Chairman and Janet W. Freeman, West Palm Beach, for The Academy of Florida Trial Lawyers.
David A. Barrett, Armando Garcia and C. Howard Hunter, of Barrett & Bajoczky, and Robert W. Perkins, Tallahassee, for Florida Medical Malpractice Joint Underwriting Ass'n and The Florida Patient's Compensation Fund.
John R. Lawson, Jr., of Dixon, Lawson & Brown, Tampa, for Florida Medical Assn.
Linda Koenigsberg, of Cohen & Kokus, Miami, on behalf of respondents.
Tony Cunningham, of Wagner, Cunningham, Vaughan, McLaughlin & Genders, Tampa, for Bay Area Trial Lawyers.
Wilton L. Strickland, of Ferrero, Middlebrooks & Strickland, Fort Lauderdale, for Broward County Trial Lawyers Ass'n, amici curiae.
SUNDBERG, Justice.
These consolidated cases[1] are before us by way of petitions for writ of certiorari from decisions of the First and Fourth District Courts of Appeal, reported at 354 So.2d 1272 and 356 So.2d 11, respectively. Conflict is asserted with, among others, State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977), and the District Court of Appeal, Fourth District, has certified the question as one of great public interest. Jurisdiction vests in this Court pursuant to article V, section 3(b)(3), Florida Constitution. We must ascertain whether the time limitation periods in section 768.44(3), Florida Statutes (1979),[2] of the medical mediation act[3] may be extended or tolled in any way, and if not, whether strict application of the statutory periods passes constitutional muster.

ALDANA v. HOLUB, No. 53,612
On August 11, 1976, respondent filed a statement of claim under the medical mediation act against petitioner, who timely filed his answer to the claim. During the course of the mediation hearing on May 27, 1977, the judicial referee felt it necessary to declare a mistrial due to repeated inflammatory statements by the physician member *234 of the panel indicating prejudice against the claimant. On June 1, 1977, petitioner moved to reset the hearing within the ten-month jurisdictional time limit which was to expire June 11, 1977. This, of course, would have required respondent to waive her statutory ten-day period to challenge panel members,[4] which she expressly declined to do. Petitioner requested alternatively that the referee enter an order tolling the time period until a new panel could be composed. Hamstrung by his perceived lack of authority either to extend the jurisdictional period or to shorten the time in which respondent could challenge for cause, the referee denied petitioner's motions, and the mediation proceedings terminated.
Without reaching the question whether a judicial referee possesses the authority to declare a mistrial of a medical mediation hearing, the District Court of Appeal, First District, denied petitioner's petition for writ of certiorari and held that the referee had no authority to extend the hearing beyond ten months from the date the claim was filed.

ABEL v. KIRSCHGESSNER, No. 53,227
On June 28, 1976, respondent Kirschgessner filed a claim for mediation. On December 2, 1976, pursuant to petitioners' motion for an extension of time, the judicial referee set the final hearing for April 6, 1977, within the ten-month jurisdictional period. One-half hour was allotted for the April 6 hearing. Respondent objected at that hearing to the meagre time allotment, arguing that thirty minutes was insufficient to constitute a good faith commencement of the proceedings.[*] The referee nevertheless instructed counsel to make their opening statements. After hearing respondent's statement, the referee continued the cause until April 15, 1977. Thereafter, the referee on his own motion reset the hearing for May 5, 1977, seven days beyond the ten-month period.
After the trial court denied his motion to terminate the mediation proceedings, the District Court of Appeal, Fourth District, granted respondent's petition for writ of certiorari and quashed the trial court order, holding that jurisdiction of the medical mediation panel could not be extended beyond ten months.
We originally heard oral argument on the statutory issues involved in this cause on September 22, 1978. Because we perceived serious constitutional deficiencies in the practical application of the medical mediation procedure, on November 21, 1979, we called for supplemental briefs from all interested persons on the constitutional issues implicated in the operation of the mediation act. In addition to the original parties, a number of interested groups responded as amici curiae, including the law firm of Cohen and Kokus, The Bay Area Trial Lawyers, The Academy of Florida Trial Lawyers, Florida Medical Association, and Florida Medical Malpractice Joint Underwriting Association and Florida Patient's Compensation Fund. Reargument was heard on the constitutional issues on January 9, 1980.
The parties present an array of issues to this Court. The petitioner in Aldana contends that: (1) a judicial referee has no right to declare a mistrial in a medical mediation hearing; (2) if he does possess such power, the grant of a mistrial in this case should have tolled the ten-month time limit for a hearing; and (3) if a mistrial does not toll the time period, petitioner was deprived of a valuable legal right without due process. The petitioners in Abel similarly assert that a judicial referee's unilateral action in resetting a hearing after expiration of the ten-month period constitutes a denial of due process. With respect to the constitutionality of the medical mediation act itself, respondents argue that the act *235 denies equal protection, is arbitrary and capricious, and effectively insulates medical personnel from legal accountability for their negligence. Petitioners respond that these same arguments were rejected by the Court in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), and that nothing has occurred since that time to cause us to question the wisdom of the Carter decision. Having carefully considered the parties' contentions individually and in conjunction, we are compelled to conclude that the medical mediation act is unconstitutional because the act in its operation has proven arbitrary and capricious.
We note at the outset that the First and Fourth District Courts of Appeal were correct in holding that medical mediation jurisdiction terminated in these cases ten months after the claims were filed. The time limitations set forth in section 768.44(3) are jurisdictional and unalterable; they brook neither tolling nor extensions of time for any reason.[5] Had the legislature intended otherwise, it easily could have included a provision for time extensions in the medical mediation statute. The absence of such language in the act bolsters our conclusion that no extensions were contemplated. Moreover, the jurisdictional nature of the ten-month limitation of section 768.44(3) is dictated by the language of article I, section 21, Florida Constitution, which guarantees the right of every individual to speedy access to the courts of Florida. See the discussion at page 237, infra.
That the time periods in section 768.44(3) are jurisdictional should come as no surprise, for the issue was essentially decided by this Court's promulgation of the Florida Rules of Medical Mediation Procedure. Subsection (d) of rule 20.190 states that medical mediation jurisdiction terminates if "[t]he final hearing has not been concluded within 10 months from the date the claim is filed." The rule further provides that "[s]uch termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties."[6] While we recognize that the mediation rules became effective subsequent to the filing of the claims in these cases and thus have no direct application here, the rules do represent this Court's authoritative interpretation of the medical mediation statute.
Petitioners rely upon three cases, State ex rel. Lund v. Keough, 352 So.2d 572 (Fla. 2d DCA 1977), State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977), and State ex rel. Mercy Hospital, Inc. v. Vann, supra, to support their assertion that medical mediation jurisdiction may be extended under certain circumstances. In each case completion of mediation proceedings within the ten-month jurisdictional period was rendered impossible by a circuit court stay or other judicially caused delay pending this Court's determination of the constitutionality of the medical mediation act. Disregarding for the moment the question of their continuing vitality in the face of our interpretation of the statute,[7] *236 they do not significantly advance petitioners' cause, for they were expressly limited to the unique situation of a delay occasioned by a constitutional assault upon the mediation act itself. Since the resolution of that challenge in Carter v. Sparkman, supra, the district courts have consistently held that the time limitations in the statute are jurisdictional.[8]
Equally clear, however, is that in the cases before us the absolute jurisdictional periods in section 768.44(3) served to deprive petitioners of due process. It is basic to our scheme of justice that a person aggrieved by fundamental unfairness in the judicial process have the right and opportunity to remedy that unfairness. Petitioners in both Aldana and Abel were innocent victims of insidious defects which occasionally intrude upon the judicial system  prejudice and unavoidable delay caused by a congested court docket. Normally these defects are easily remedied by the declaration of a mistrial or the grant of a continuance. But the medical mediation act with its inflexible time limitations afforded these petitioners no possible remedy. By the time it became necessary to grant a mistrial in Aldana, there was not enough time to empanel a new mediation panel before expiration of the ten-month period. Through no fault of his own, Dr. Aldana could do nothing but watch as his right to mediation slipped from his grasp. No less frustrated were the petitioners in Abel. Their right to mediation was dashed by the fortuitous circumstance of a hopelessly crowded docket. Section 768.44(3) arbitrarily deprived these petitioners of the opportunity to correct fundamental unfairness in the mediation process solely because that unfairness appeared at a late stage in the proceedings. It simply offends due process to countenance a law which confers a valuable legal right, but then permits that right to be capriciously swept away on the wings of luck and happenstance.[9]
Unfortunately, the infirmities in the medical mediation act extend beyond the set of facts now before us. A painstaking examination of over seventy cases cited to us by the parties and those of which we take judicial notice[10] leads us to the inexorable conclusion that the jurisdictional periods in section 768.44(3) have proven intrinsically unfair and arbitrary and capricious in their application. Indeed, of some twenty-six district court decisions finding medical mediation jurisdiction to have terminated under section 768.44(3), in fifteen the jurisdictional period expired through no fault of either party, and in some instances, jurisdiction terminated as a result of administrative or judicial error.[11] For example, in *237 Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977), the parties were unable to conclude mediation within ten months solely because the clerk failed to select a mediation panel and set a hearing date in time. The district court nevertheless concluded that mediation jurisdiction terminated as a matter of law at the expiration of the ten-month period. The parties' right to mediation was also thwarted in Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977), where jurisdiction terminated as a result of the judicial referee's abatement of the proceedings pending determination of the constitutionality of the medical mediation act. The following rationale of the district court no doubt provided little solace to the hapless doctor:
The mere fact that the claimant was able to obtain an unauthorized order from the judicial referee in no way mitigates the clear dictates of the statute. Administrative tribunals and trial court frequently issue improper orders which contribute, in part, to the great increase in the caseload which plague appellate courts today.
Id. at 887. In Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978), the judicial referee approved the parties' stipulation extending the time to commence a mediation hearing beyond six months. The district court was unimpressed by the judicial referee's acquiescence in the unauthorized agreement and held that jurisdiction terminated when a hearing was not commenced within six months.
The parade goes on. In Cole v. Burrows, 364 So.2d 502 (Fla. 4th DCA 1978), the mediation hearing could not be commenced within ten months due to the untimely demise of the attorney member of the panel. In spite of this personal tragedy, the district court found mediation jurisdiction to have terminated. Similarly, in Cohen v. Johnson, 373 So.2d 389 (Fla. 4th DCA 1979), the physician defendant was deprived of mediation because no hearing was conducted within the six-month limitation due to the unexplained unavailability of one of the panel members. The unavailability of the judicial referee cost petitioner his right to mediate in Febles v. Abercrombie, 358 So.2d 568 (Fla. 2d DCA 1978), and an equally arbitrary result occurred in Stanton v. Community Hospital of South Broward, 359 So.2d 37 (Fla. 4th DCA 1978).[12] From the cases surveyed we find a procedure in which, over fifty percent of the time, a valuable legal right has arbitrarily evaporated through no fault of either party. Such a capricious statute cannot be permitted to stand.
While we originally upheld the facial validity of the medical mediation act in Carter v. Sparkman, supra, we have authority to determine that the practical operation and effect of the statute has rendered it unconstitutional. Jacksonville Port Authority v. State, 161 So.2d 825 (Fla. 1964); Sparkman v. State, 58 So.2d 431 (Fla. 1952); Ex parte White, 131 Fla. 83, 178 So. 876 (1938); Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320 (1932). It should be emphasized that today's decision is not premised on a reevaluation of the wisdom of the Carter decision. Rather, it is based on the unfortunate fact that the medical mediation statute has proven unworkable and inequitable in practical operation.
Were it possible, we would not hesitate to read section 768.44(3) to permit extensions of time, for we are obliged to construe *238 a statute in such a way as to render it constitutional if there is any reasonable basis for doing so. Lightfoot v. State, 64 So.2d 261 (Fla. 1952); Florida Sugar Distributors v. Wood, 135 Fla. 126, 184 So. 641 (1938); Spencer v. Hunt, 109 Fla. 248, 147 So. 282 (1933). No such saving construction is available, however, to the medical mediation act. In Carter v. Sparkman, respondent argued with some force that because of the expense and delay attendant to mediation proceedings, she was denied access to the courts of Florida in violation of article I, section 21 of the Florida Constitution. Although the Court rejected respondent's argument,[13] we explicitly recognized that "the pre-litigation burden cast upon the claimant reaches the outer limits of constitutional tolerance."[14] 335 So.2d at 806. To now increase the prelitigation burden cast upon the claimant by permitting continuances and extensions of time under section 768.44(3) would transcend those outer limits of constitutional tolerance. What was originally contemplated as an inexpensive, summary procedure would now extend to twelve, fourteen, or possibly even sixteen months or more, thereby effectively denying one's access to the courts.
The result we reach here is indeed ironic. The medical mediation act is unconstitutional because application of its rigid jurisdictional periods has proven arbitrary and capricious in operation, yet the act cannot be remedied by enlarging the jurisdictional periods or permitting continuances or extensions of time, for to do so would constitute a denial of access to the courts. We are left, then, with a statute which is intractably, and incurably, defective. We therefore hold that section 768.44, Florida Statutes (1979), the medical mediation act, is unconstitutional in its entirety as violative of the due process clauses of the United States and Florida Constitutions.
As noted in footnote seven, this opinion will have prospective application only. In any case where the written decision of the medical mediation panel has been filed with the clerk of the court on or before the date this decision is filed (Feb. 28, 1980), a party may introduce that decision in evidence. In all other cases, medical mediation proceedings are hereby terminated and declared void as of the above filing date.
In keeping with the tolling provisions of section 768.44(4), Florida Statutes (1979), a party shall have sixty days from the date this decision is filed in which to file a complaint for medical malpractice in circuit court if the portion of the applicable statute of limitations not tolled be less than sixty days. If the portion of the applicable statute of limitations remaining after termination of medical mediation jurisdiction is more than sixty days, the action may be filed any time before the statute of limitations expires. Jones v. North Dade Hospital, Inc., 359 So.2d 56 (Fla. 3d DCA 1978).
Accordingly, the petitions for writ of certiorari are granted, and the decisions of the District Courts of Appeal, First and Fourth Districts, are approved.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion.
ALDERMAN, Justice, concurring in part, dissenting in part.
I concur with the majority holding that the ten months' limitation of section 768.44(3) is jurisdictional. I also agree that the application of this limitation in these cases has resulted in a denial of the doctors' due process rights. I do not agree, however, that the application of the Medical Mediation *239 Act, since its enactment and since our decision in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), has rendered the entire act unconstitutional.
In Carter v. Sparkman, we were confronted with several constitutional challenges to the Medical Malpractice Reform Act. Consistent with our duty to resolve all doubts in favor of a statute's validity when reasonably possible and consistent with constitutional rights, we construed this act and held it constitutional, although announcing that the pre-litigation burden imposed by the act upon the claimant reached the outer limits of constitutional tolerance. We recognized that this act was promulgated because the legislature perceived an imminent danger that a drastic curtailment in the availability of health care services in this state would occur.
I would not recede from our holding in Carter, and I would not strike the entire statute as unconstitutional merely because, as the majority states, in twenty-six district court decisions involving the Medical Mediation Act the jurisdictional time period had expired before mediation could be concluded, thereby possibly denying the doctors' rights to due process of the law. Balanced against the few cases where the mechanism of medical mediation has broken down, there probably have been thousands of mediation cases throughout this state where the jurisdictional time period has not run and neither the claimants nor the doctors have been deprived of any constitutional rights. In many of these cases, this act has had the beneficial effects of eliminating frivolous claims and encouraging settlements of meritorious claims.
In the present cases, petitioners correctly contend that they were denied a valuable legal right without due process of law. Through no fault of the doctors, the jurisdictional time periods expired, and they lost their statutory right of medical mediation. For that reason, I agree that the Medical Mediation Act was unconstitutionally applied to these doctors under the facts of these cases. This does not mean, however, that we should "throw the baby out with the bath water" and strike down the entire Medical Mediation Act. The act, as applied in most cases, does not violate the constitutional rights of either the doctors or the claimants. Serious allegations have been made against the wisdom of the act, but these are matters that should be considered by the legislature.
Accordingly, I would limit our decision to the two cases before us, and I would not strike down the Medical Mediation Act at this time.
NOTES
[1] The cases were consolidated for the first time in this Court due to the similarity of issues involved.
[2] § 768.44(3), Fla. Stat. (1979):

The clerk shall, with the advice and cooperation of the parties and their counsel, fix a date, time, and place for a hearing on the claim before the hearing panel. The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed 6 months from the date the claim is filed. If no hearing on the merits is held with 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law.
[3] § 768.44, Fla. Stat. (1979).
[4] Section 768.44(2)(g) provides that the parties shall have ten days in which to challenge panel members for cause.
[*] Apparently respondent's counsel had theretofore moved to terminate jurisdiction for failure to commence the final hearing within six months of the filing of the claim. The record before us, however, does not reflect any ruling on the motion by the judicial referee, nor has that been an issue raised on appeal.
[5] Thus we do not decide whether the judicial referee in Aldana had authority to declare a mistrial; we decide only that the granting of a mistrial did not toll the jurisdictional period.
[6] The rule provides in its entirety:

Rule 20.190. Termination
The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
(a) A defendant has not filed an answer within 20 days of the date of service;
(b) A hearing has not been held within 120 days from the date of the filing of the claim and no extension order has been entered by the judicial referee;
(c) An extension order has been entered by the judicial referee but the hearing has not been commenced within six months from the date of the filing of the claim; or
(d) The final hearing has not been concluded within 10 months from the date the claim is filed.
Termination for any of the foregoing reasons terminates the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties. A termination for one of the foregoing reasons is automatic, and the clerk's act or failure to act is ministerial only.
[7] Because our decision today will have prospective application only, we decline to consider the validity of the Vann, Cowart and Keough opinions.
[8] See, e.g., Feinstein v. Brown, 370 So.2d 1172 (Fla. 4th DCA 1979) (on rehearing); Burchett v. Clontz, 363 So.2d 15 (Fla. 4th DCA 1978); Pyle v. Taylor, 361 So.2d 790 (Fla. 1st DCA 1978); Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978); Mellor v. Arakgui, 359 So.2d 36 (Fla. 4th DCA 1978); Stanton v. Community Hospital of South Broward, 359 So.2d 37 (Fla. 4th DCA 1978); Febles v. Abercrombie, 358 So.2d 568 (Fla. 2d DCA 1978); Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978); Letts v. Davis, 356 So.2d 910 (Fla. 1st DCA 1978); Love v. Jacobson, 358 So.2d 1179 (Fla. 3d DCA 1978); Kirschgessner v. Miami International Hospital, 356 So.2d 11 (Fla. 4th DCA 1977); Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978); Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977); Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977); Mercy Hospital, Inc. v. Badia, 348 So.2d 631 (Fla. 3d DCA 1977). But see Morales v. Moore, 356 So.2d 829 (Fla. 4th DCA 1978).
[9] Vital to the concept of procedural due process is the notion that valuable property interests, such as those conferred by state law, must not be "arbitrarily undermined." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). See Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974).
[10] This Court may take judicial notice of cases construing a statute under review. State ex rel. Landis v. Prevatt, 110 Fla. 29, 148 So. 578 (1933).
[11] Cohen v. Johnson, 373 So.2d 389 (Fla. 4th DCA 1979); Thames v. Melvin, 370 So.2d 439 (Fla. 1st DCA 1979); Grossman v. Duncan, 371 So.2d 142 (Fla. 1st DCA 1979); Diggett v. Conkling, 368 So.2d 74 (Fla. 4th DCA 1979); Feinstein v. Brown, 370 So.2d 1172 (Fla. 4th DCA 1979) (on rehearing); Ballard v. Curatolo, 363 So.2d 864 (Fla. 4th DCA 1978); Cole v. Burrows, 364 So.2d 502 (Fla. 4th DCA 1978); Stanton v. Community Hospital of South Broward, 359 So.2d 37 (Fla. 4th DCA 1978); Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978); Love v. Jacobson, 358 So.2d 1179 (Fla. 3d DCA 1978); Febles v. Abercrombie, 358 So.2d 568 (Fla. 2d DCA 1978); Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978); Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977); Kirschgessner v. Miami International Hospital, 356 So.2d 11 (Fla. 4th DCA 1977); Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977).
[12] We do not mean to disparage the reasoning employed by the district courts in the above decisions. On the contrary, the district courts have consistently construed the medical mediation act properly in view of the dictates of article I, section 21, Florida Constitution. It is the statute itself, not the decisions construing it, which has proven arbitrary and inequitable.
[13] Our rejection of Ms. Sparkman's contention was based at least in part on the legislature's finding of "an imminent danger that a drastic curtailment in the availability of health care services would occur in this state." Carter v. Sparkman, 335 So.2d at 805.
[14] In his concurring opinion, Mr. Justice England noted that "[i]t troubles me that persons who seek to bring malpractice lawsuits must be put to the expense of two full trials on their claim... ." Id. at 807 (England, J., concurring).