ADKINS, Justice.
By certiorari petitioner, defendant in the trial court, seeks review of an interlocutory order declaring section 768.44 et seq., Florida Statutes (1979), unconstitutional. We have jurisdiction. Art. V, § 3(b)(3), Florida Constitution (1972).
Plaintiffs filed a complaint for medical mediation against defendant Ruben on October 13, 1977. The mediation panel ultimately found two-to-one in favor of the defendant on August 2,1978, clearly within the ten-month limit provided by the mediation statute. On September 17, 1978, the plaintiffs instituted this action in the circuit court. Thereafter plaintiffs made a motion in limine to exclude the panel’s adverse finding from the trial, attacking section 768.44 et seq., as unconstitutional, both on their face and in their application. The motion was granted. Defendant seeks review of this interlocutory order.
The Court’s decision in Aldana v. Holub, 381 So.2d 231 (Fla.1980), declaring the statute unconstitutional, was rendered on February 28, 1980. Subsequently, this Court issued an order to show cause why the petition for certiorari should not be granted in this case.
The arguments of both parties initially centered on the constitutionality of section 768.44 et seq. Clearly, Aldana settled any issues in the instant case concerning the constitutionality of the Medical Mediation Act. However, that holding was expressly prospective in effect. The Court stated:
In any case where the written decision of the medical mediation panel has been filed with the clerk of the court on or before the date this decision is filed (Feb. 28, 1980), a party may introduce that decision in evidence.
381 So.2d at 238.
At issue in the instant case is the admissibility of the mediation panel’s finding in the circuit court action. However, considering Aldana, exclusion of the panel’s finding must be based on some ground other than the constitutionality of the law in general.
Defendant Ruben asserts that the circuit court’s order excluding the panel’s finding from the trial should be reversed, since the decision was filed with the clerk on August 7, 1978, obviously before February 28, 1980, and therefore is expressly admissible under the cited passage from Aldana. We agree.
The order of the trial judge is reversed and the cause is remanded for further proceedings consistent with this opinion. It is so ordered.
SUNDBERG, C. J., and BOYD, OVER-TON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.