LEHAN, Judge.
On this appeal from an adverse jury verdict, George J. Young, plaintiff below, challenges the admission into evidence of the written decision of a medical mediation panel. Young also claims that the trial court erred by refusing to allow the jury to hear testimony by a psychiatrist to establish the applicable standard of care.
Young was an involuntary patient in the psychiatric ward at Lee Memorial Hospital when he escaped from the ward, ran into the streets, and was struck and injured by a car. Young filed a medical mediation claim against the hospital, alleging that hospital personnel were negligent in allowing him to escape. The mediation panel’s finding of no actionable negligence was filed on the official stationery of the circuit judge member of the panel. At the trial on the subsequent negligence lawsuit, the letterhead containing the panel’s decision was admitted in evidence over objection by Young’s counsel.
According to Section 768.47(2), Florida Statutes (1979), “the conclusion of the [medical liability mediation] panel on the issue of liability may be admitted into evidence in any subsequent trial.” Although the medical mediation statute was declared unconstitutional in Aldana v. Holub, 381 *1081 So.2d 231 (Fla.1980), the supreme court stated that a panel’s written decision filed with the clerk before February 28, 1980, could be introduced into evidence. Thus, the panel’s decision in this case, which was filed with the clerk on January 19, 1980, was admissible.
As to appellant’s concern that the jury was affected by seeing the circuit judge’s letterhead, we do not find that any adverse impact of the panel’s decision was materially increased by the manner in which it was submitted to the jury. Section 768.44(2), Florida Statutes (1979), directed that the mediation panel be composed of a circuit judge, a physician and an attorney, all of whom were required to sign the decision. The circuit judge was statutorily designated as the “presiding member” of the panel. The statute must have contemplated that the jury would be made aware of the composition of the panel. We cannot agree with appellant’s argument that allowing the jury to see the decision on the judge’s stationery had any more materially adverse impact than their knowing that the judge participated in the decision as provided by statute.
Appellant’s second point on appeal is whether the trial court erred in refusing to allow a practicing psychiatrist to testify about the standard of care applicable to the psychiatric nurse who was on duty the night Young escaped from the ward. Section 768.45, Florida Statutes (1979), provided that an expert could testify as to the standard of care in the medical negligence action if the expert was a “similar health care provider” (which the psychiatrist was not) or if the expert satisfied the trial court as to the level of his or her training, experience and knowledge. The record supports the trial court’s dissatisfaction with the psychiatrist’s experience and knowledge relevant to the standard of care in issue, including, for example, the psychiatrist’s lack of familiarity with the day-to-day practices of a psychiatric nurse.
AFFIRMED.
BOARDMAN, A.C.J., and GRIMES, J., concur.