LETTS, Judge,
concurring specially.
A reviewing court is supposed to uphold the constitutionality of a statute, ordinance or code — if it can. Aldana v. Holub, 381 So.2d 231 (Fla.1980). The phrase “commonly accepted standards” may be vague, but we do not need to reach it here because the first half of the applicable code provision proscribes “indecent exposure.” I suggest there are very few citizens of this state who would not agree that an adult woman presenting herself in public, naked from the waist up is engaging in indecent exposure. Certainly, that is my view. If I am correct, then even the latter half of the code provision relating to commonly accepted standards would not be constitutionally infirm when applied to the facts of this case.
The dissent’s discourse on skimpy bathing suit tops and pubic hair is inapt. In this case, we are concerned only with breast baring. The top was neither decent nor indecent, it was nonexistent.
In conclusion, I continue to be of the view that what the circuit court did here, sitting in its appellate capacity, was not a departure from the essential requirements of the law. Judge Barkett cites Combs, a recent Supreme Court case on this subject, which appears to equate certiorari jurisdiction with the “seriousness of the error” coupled with a “miscarriage of justice.” As ever, these quoted exerpts leave room for judicial difference of opinion. Suffice it to say I have a hard time believing that the judge’s error here, if any, was of serious constitutional dimension. Nor do I perceive any great miscarriage of justice. As our Supreme Court held in Moffett, supra:
We are ... convinced that ... the Legislature intended to prohibit adult females from appearing in public places, including Florida’s public beaches, with openly exposed breasts.
So be it.